THE AGENT OF THE STATE PRISON AT MOUNT PLEASANT *vs.*
RIKEMAM & HUBBELL.

In actions by and against the agents of the state prisons, as authorized by 2
R. S. 763, § 25, the individual name of the incumbent must be used, with the
addition of his name of office.
Where such a suit was brought by the agent of one of the prisons in his name of
office alone, the plaintiff was permitted to amend by prefixing his proper name
to his official designation wherever it occurred, upon payment of costs.

*Reynolds*, for the defendants, on the usual papers, moved
for judgment as in case of nonsuit for not proceeding to trial at
the last Westchester circuit.

*T. Nelson*, for the plaintiff, read affidavits excusing the
omission to try, and also papers on which he moved to amend
the declaration and all subsequent proceedings, by prefixing to
the name of the plaintiff as now standing in the record and pa-
pers wherever it occurs, the name of " William H. Peck," so
that the plaintiff will then be, " William H. Peck, the agent of
the state prison at Mount Pleasant." This the defendants' coun-
sel opposed.

*By the Court*, BRONSON, Ch. J.   A sufficient answer is given
to the motion for judgment as in case of nonsuit, and it is de-
nied, but the plaintiff must stipulate to try the cause at the next
circuit to be held in the county of Westchester.

The motion to amend must be granted.   It is settled that the
*office* of supervisor cannot sue.   (*Supervisor of Galway* v.
*Stimson*, 4 *Hill*, 136.)   And I am unable to comprehend how
any *office* can either sue or be sued, though the person holding
the office may have a capacity to do and suffer both.   The law
has provided in many cases that an officer may sue in his name
of office; but still it is the officer, and not the office, who brings
the suit, and so the matter must appear on the papers.   The
sheriff sues in his name of office—that is, in his proper name—
adding his official designation.

The Agent of Mount Pleasant Prison *vs.* Rikeman.

It is said, however, that the statute relating to suits by and against the agents of the state prisons (2 *R. S.* 763, § 25) is peculiar in its language, and plainly prescribes a different rule. A careful reading of the statute will shew that this is a misapprehension. If, where the term "agent" is used, we read "the individual holding the office of agent," as the sense obviously requires, there will be no difficulty in reconciling the statute with the general principles of law in analogous cases. The contrary construction would produce singular incongruities. In the same section the office (as distinguished from the officer) would have "transactions and dealings on account of the said prisons." Again, if the term "agent" means the office without the incumbent, then the office must give bail, take an oath, and do many other things which can only be done by the individual. (§§ 21, 22, 23, 28.)

The relief must, however, be granted, on payment of the costs of the circuit and of this motion.

Ordered accordingly.