### IN JULY TERM, 1846.

---

VAN KEUREN and others, superintendents of the poor, &c. *vs.*
JOHNSTON.

Though the superintendents of the poor are a corporation, they may nevertheless maintain an action in their name of office, (*i. e.* in their individual names, with the addition of their name of office,) for the conversion of personal property belonging to the county.

They may also sue for such an injury in their corporate name. *Per* BEARDSLEY, J.

· ERROR to the Ulster C. P. Van Keuren, Delamater and Constable, sued Johnston in a justice's court, and declared as superintendents of the poor of Ulster county, against the defendant, late keeper of the Ulster county poor house, in trover, for taking and converting certain articles of furniture, being property belonging to the county. The defendant pleaded not guilty. The plaintiffs recovered before the justice, and the defendant appealed. On the trial in the common pleas, the plaintiffs offered to prove that they were the superintendents of the poor of the county, and that the defendant had taken away and con

verted to his own use the articles mentioned in the declaration, and that the same were property to which the plaintiffs were entitled as superintendents of the poor, and not otherwise. The defendant's counsel objected to the evidence on the ground that the suit was not in the *corporate name* of the superintendents of the poor of the county, but in their individual names with a description of their persons. The court sustained the objection, and decided that to entitle the plaintiffs to recover on the pleadings, they were bound to show a conversion by the defendant of their individual property, and that unless they could maintain the action without proof of their title as superintendents of the poor, they could not recover. The plaintiffs' counsel excepted, and no further proof being given, they were nonsuited.

*J. Cole,* for the plaintiffs in error.

*Fullerton & Fowler,* for the defendant in error.

*By the Court,* BEARDSLEY, J.    By the revised statutes, county superintendents of the poor are declared to "be a corporation by the name of the Superintendents of the Poor of the county for which they shall be appointed." (1 *R. S.* 617, § 16.) They possess the usual powers of a corporation for public purposes, and many special powers, as may be seen in the section referred to, and other enactments on the subject. Although they may sue in their corporate name, it does not follow that the action must necessarily be brought in that form; and other provisions of the statute expressly declare that actions may be brought in the individual names of the superintendents, with the addition of their name of office, as in the case now before the court. (2 *R. S.* 473, *art. 4*; *Supervisor of Galway* v. *Stimson,* 4 *Hill,* 136; *Commissioners of Highways of Cortlandville* v. *Peck,* 5 *id.* 215.(a)  By the ninety-second section of this article, actions may be brought in this form under various circumstances, and amongst others, " for any injuries done to the property or

(a) See also, *Agent of Mount Pleasant Prison* v. *Rikeman,* (1 *Denio,* 279.)

rights of such officers, or of the bodies represented by them." Title to such personal property as is provided for the use of the poor of a county, or made by them, is vested in the superintendents as a corporation, or in the county. But for the purpose of bringing suit, where an injury has been done to such property, the body corporate, or the county, whichever may have the title, is represented by the superintendents in their individual and official names. (§ 92, *supra.*) This action was, therefore, correctly brought in point of form. The court erred in nonsuiting the plaintiffs, and the judgment should be reversed.

Judgment reversed