M. and J. BENNETT *vs.* BROWN.

In an action brought under the old practice, upon a bond given on an application being made to a justice of the peace, for an attachment against property, the defendant may, under the plea of *non est factum*, prove, in mitigation of damages, that the property was sold by a constable, and a portion of the proceeds applied by him to the payment of an execution issued in another suit.

Where, upon the issuing of an attachment, by a justice of the peace, a bond is given, conditioned that if the applicant fails to recover a judgment the obligors shall pay all damages and costs which the obligee may sustain by reason of the issuing of the attachment; and the applicant recovers a judgment before the justice, but the same is afterwards reversed by the court of common pleas, the obligee is entitled to recover, as part of his damages, the costs incurred in the court of common pleas.

THIS was an appeal, by the defendant, from a judgment entered in favor of the plaintiffs, upon the report of a referee. The action was brought in March, 1845, upon a bond

executed by the defendant and one George Smead, to the plaintiffs, upon an application being made by Smead to a justice of the peace of St. Lawrence county, for an attachment against the property of the present plaintiffs, under the " act to abolish imprisonment for debt and to punish fraudulent debtors." The bond was conditioned, that if the said attachment should be issued and the said George Smead should pay to the obligees all the damages and costs which they should sustain by reason of the issuing of said attachment, if the said George Smead should fail to recover judgment thereon ; and that if such judgment be recovered and the said George Smead should pay to the obligees all moneys which should be received by him for any property levied upon by said attachment over and above the amount of such judgment and the interest and costs thereon, then the said bond or writing obligatory was to be void, otherwise to be in full force and virtue. The defendant pleaded *non est factum*.

*Wm. C. Brown*, appellant, in person.

*J. A. Hathaway*, for the plaintiffs.

*By the Court*, PRATT, J. This action was brought, under the old practice, upon a bond given by the defendant to the plaintiffs, upon an application made by one Smead for an attachment against the property of the plaintiffs, before a justice in St. Lawrence county. Smead recovered judgment before the justice, against the plaintiffs, which was afterwards reversed by the common pleas of St. Lawrence county. On the same day of issuing the attachment another attachment was issued by the same justice, in favor of one Miller, upon which judgment was rendered against the Bennetts. The property taken was sold by a constable who held both executions, and a portion of it applied to the execution in favor of Miller. The only plea upon which the action was tried was *non est factum*. Two questions arise in this case : 1. Was it proper

to receive evidence of the application of a portion of the proceeds of the sale of the property upon the Miller execution, under the plea of *non est factum*, in mitigation of damages? and 2d. Were the plaintiffs entitled to costs in the common pleas, as part of the damages?

The plaintiffs in this case were entitled to judgment in form for $100, the amount of the penalty; but as that point was not taken by the counsel, either on the trial or upon the argument of the appeal, I shall only examine the above points.

The counsel for the plaintiff has gone into a very elaborate argument to show, that under the old system of pleading, the plea of *non est factum*, to an action upon a sealed instrument, only put in issue the execution of the instrument, and admitted all the other allegations of the declaration. This was scarcely necessary, as no one has denied the principle. A breach of covenant or of the condition of a bond may be admitted, and yet as a general thing the plaintiff will be put to proof of the extent of the damages. There are undoubtedly cases where no proof would be necessary, where the law would declare the damages; but, as a general rule, such proof is necessary. Now in all such cases the plea of *non est factum* does not admit the amount of damages, and it is competent for the defendant to prove that the actual damages are less than the plaintiff's claim.

But there is another principle, equally well settled under the old system of pleadings, and that is, that the plea must be a full answer to the count which it professes to answer; and if the facts are proper in mitigation and yet do not constitute a full answer, they may be given in evidence under the plea of *non est factum.* (2 *Hill,* 194. 23 *Wend.* 293. 21 *id.* 277.) In an action upon a bond for the performance of covenants, it was necessary for the plaintiff to assign breaches. If the defendant had a full defense to a breach he was bound to plead it, the same as he would plead to a count, or he would be deemed to admit the breach. In this case, if the whole property had been applied upon the Miller execution it would have

Bennett *v.* Brown.

constituted a good defense to the assignment of the breach that Smead had not returned the property, and by neglecting to plead it he would probably have been precluded from showing the same facts in mitigation of damages.

The fact is, there is no assignment of breaches, in this case, but simply a general assignment that the defendant did not pay the damages and costs. The property was only partially applied to the Miller execution. It could not therefore be pleaded as a bar to the action, or as a full defense to any breach that was or could be assigned. There was no method, therefore, by which the defendant could avail himself of this partial defense, except to give it in evidence in mitigation of damages. If he had attempted to plead it, his plea would have been held bad, on demurrer. The referee was therefore clearly right in allowing it to be proved in mitigation.

Upon the next question above stated, it seems to me that it is virtually decided in the ruling of the referee that the condition of the bond is not performed by the recovery of the judgment before the justice. If the reversal of the judgment in the common pleas may be deemed, within the meaning of the condition of the bond, to constitute a failure to recover judgment on the part of the obligor, it would seem to follow that any costs which the obligee might incur in any stage of the litigation up to the time of such reversal, were within not only the meaning but the words of the condition.

· The condition was that the obligors should pay all damages and costs which the obligee might sustain by reason of the issuing of the attachment if the applicant failed to obtain judgment thereon. The referee has decided, and the correctness of this decision cannot be questioned under the decision of this court in *Ball* v. *Gardner*, (21 *Wend.* 270,) that the adjudication of the justice did not finally determine the question whether Smead failed to recover or not, but that it was finally determined only by the judgment of the court of common pleas. If this be so, I am utterly unable to perceive why the costs necessarily incurred in arriving at this final determ-

ination do not come within the words of the bond—why the common pleas costs can be excluded more properly than the costs in the justice's court. The question does not involve the consideration of the point whether the certiorari in the common pleas is technically the same suit as the one before the justice; for the condition of the bond does not restrict the obligors to the damages and costs incurred in the same suit, but it is general, embracing in general terms all damages and costs incurred by reason of the attachment. It therefore does not come within the case of *Fenno* v. *Dickinson*, (4 *Denio*, 84.) That was a bond given by a non-resident plaintiff, and the condition was in that case to pay any sum that might be adjudged against him *in that suit*. The court held that a certiorari in the court of common pleas was not the same suit, and placed their decision upon that ground alone. In this case there is no such technical difficulty in the way of doing substantial justice between these parties.

Judgment reversed, and new trial granted.

[ONEIDA GENERAL TERM, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen*, Justices.]