## SUPREME COURT.

THADDEUS HAIT, JOSEPH H. TUTHILL, and THOMAS SMITH, Board of Commissioners of Excise in and for Ulster County, respondents, agt. JOHN BENSON, appellant.

An action brought to recover a penalty under §§ 13 and 14 of the act entitled " An act to suppress intemperance, and to regulate the sale of intoxicating

Hait agt. Benson.

liquors," passed April 16, 1857, by "A. B., C. D., and E. F., board of commissioners of excise," plaintiffs, complaining and setting out specifically the whole cause of action *as accruing to them as the board of commissioners of excise,* is sufficiently brought "in the *name* of the board of commissioners of excise," as required by § 22 of said act.

*This decision seems to overrule the one on this point in Pomeroy agt. Sperry (16 How. 211), by holding that the action may be brought in either form—that is with or without the individual names of the commissioners—if " the board o, commissioners of excise" is properly named as plaintiff, and the cause of action. alleged as accruing to it. The case of The Board of Commissioners of Excise oj Saratoga County agt. Doherty (16 How. 211) is affirmed by this decision, as the question there was, whether the action was properly brought without naming the commissioners individually, and it was held that it was properly brought in the name of the board.—*Rep.)

*Albany General Term, September,* 1859.

*Present,* Wright, Gould, *and* Hogeboom, *Justices.*

This was an action commenced by the above-named respondents, before James H. Brown, a justice of the peace of the county of Ulster, against the appellant, for violations of sections thirteen and fourteen of the act entitled, " An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857.

The complaint was as follows :

" The plaintiffs, as such board of commissioners of excise, in and for the county of Ulster, show to this court, that heretofore, to wit, on the first day of July, 1857, and on each and every day thereafter to the day of the commencement of this action, at the town of Lloyd, in said county, the said defendant, John Benson, became and was indebted to the plaintiffs, the board of the commissioners of excise, as aforesaid, in the sum of fifty dollars, for selling strong and spirituous liquors, or wines, in quantities less than five gallons at a time, without having a license therefor, at his shop in Lloyd aforesaid, contrary to and in violation of the provisions of ' An act to suppress intemperance, and to regulate the sale of intoxicating liquors,' passed April 16, 1857, whereby and wherefor an action has accrued to the said plaintiffs, as such board of commissioners of excise, to demand and have of and from the said defendant the said sum : yet the said defendant, al-

though often requested so to do, has not as yet paid the said sums of money, or either of them, or any part thereof—he, the said defendant, hath hitherto wholly refused, and still refuses so to do.

" 2. And, further complaining, show that the said defendant was, on the first day of July, 1857, at Lloyd, in said county, and on each and every day thereafter, since the said first day of July, 1857, up to the 24th day of June, 1858, indebted to the said plaintiffs, the board of commissioners of excise, as aforesaid, in the further sum of fifty dollars, for selling strong or spirituous liquors, or wines, in quantities less than five gallons at a time, without having a license therefor, to wit, one glass of rum, one gill of rum, one glass of brandy, one gill of brandy, one glass of whisky, one gill of whisky, one glass of gin, one gill of gin, one glass of wine, one gill of wine, one glass of beer, one gill of beer, to each of the following named persons, to wit: John Ellis, David Berryann, Peter Decker, Bradley S. Lewis, Robert Conn, Harvey Dunn, Daniel Donaldson, and others, at his shop in Lloyd aforesaid, on the first day of July, 1857, and on every and each day since, to the commencement of this action, contrary to the provisions of an act of the legislature of the state of New-York, entitled, 'An act to suppress intemperance, and regulate the sale of intoxicating liquors,' passed April 16th, 1857, whereby an action has accrued to the said plaintiffs, as such board of commissioners as aforesaid, to demand and have of and from said defendant the said sum of money above demanded, which defendant has not paid.

" Wherefore, plaintiffs, the board of commissioners of excise, as aforesaid, demand judgment against said defendant for the sum of one hundred dollars and costs."

On the return day of the summons the defendant did not appear. Thaddeus Hait, one of the board, and Solomon G. Young, appeared for the plaintiff.

Solomon G. Young proved that he was authorized to appear for the plaintiffs, and that Hait, Tuthill and Smith formed the board of commissioners.

The plaintiff proved, by several witnesses, violations of the law, and the sale of various kinds of intoxicating liquors.

The justice, on the second day of July, 1858, rendered judgment for the sum of one hundred dollars damages, and four dollars and sixty-eight cents costs of suit, in favor of respondents, who were plaintiffs, and against the appellant, who was defendant.

On the same day, the appellant appealed to the county court of Ulster county, on the ground, among others, that the suit was irregularly brought in the individual names of the plaintiffs.

The county court having affirmed the judgment of the justice's court, the appellant appeals to this court.

E. COOKE, *for appellant.*

*First.* The defendant did not appear in the action. He cannot be said, therefore, to have waived any objection to the proceedings. (*Northrup* agt. *Jackson*, 13 *Wend.* 85; 7 *John.* 18; *Squier* agt. *Gould*, 14 *Wend.* 159.)

*Second.* The suit was improperly brought in the individual names of the commissioners. The action is given to the "Board of Commissioners of Excise of the county," and should have been prosecuted in that form. (*Act of* 1857, § 22; 2 *R. S.* 944, § 23, 5*th ed.;* 3 *R. S.* 774, § 107, 5*th ed.; Commissioners of Saratoga Co.* agt. *Doherty,* 16 *How. Pr. R.* 46; *Pomeroy et al.* agt. *Sperry, id.* 211.)

In this case Hait, Tuthill and Smith are the plaintiffs, the addition of their office is mere description. The action is not maintainable by them. (*Hill* agt. *Supervisors of Livingston Co.*, 2 *Kern.* 52; *Gould* agt. *Glass,* 19 *Barb.* 185–6; *Ogdensburgh Bank* agt. *Van Rensselaer,* 6 *Hill,* 240.)

*Third.* The proceedings are not amendable in this court. (19 *Barb.* 156.)

*Fourth.* The evidence of Solomon G. Young was irrelevant. The matters testified by the witness were not alleged in the complaint.

T. R. WESTBROOK, *for respondents.*

I. There was a proper appearance in behalf of the plaintiffs, and the right to appear was abundantly proved.

1st. Thaddeus Hait, who was one of the board, being present, the right to use the name of the board will be inferred. (*Downing* agt. *Rugar*, 21 *Wend.* 178 ; *The People ex rel. Durham* agt. *Commissioners of Canal Fund*, 3 *Hill*, 599.)

2d. The authority to use the name of the board was proven by the attorney, who also testified that the parties who authorized him to appear formed the board of excise.

' II. The county court properly overruled the objection, that the action was "irregularly brought in the individual names of the plaintiffs."

1st. The action is not brought in the *individual* names of the plaintiffs, but by the board, *as a board*, and the names of the individuals are inserted to show who constitute the board.

This is manifest, not only from summons, but complaint, which shows that the *board* sues for the penalties, and claims them as the *"Board of Commissioners of Excise."*

2d. The twenty-second section of the act under which this action is brought, requiring penalties to "be sued for and recovered in the *name* of the Board of Commissioners of Excise," is substantially the same as section 105, page 715, 2 R. S. (*4th ed.*), section 93, page 493, of old edition, requiring certain officers to sue "in the *name* of their respective offices ;" and yet it has been repeatedly held that the use of the individual names of such officers is not only no error, but is necessary for the maintenance of the action. (*Supervisors of the town of Galway* agt. *Stimson*, 4 *Hill*, 136; *The Agent of the State Prison at Mount Pleasant* agt. *Rikeman & Hubbell*, 1 *Denio*, 279; *The Commissioners of Highways of the town of Cortlandville* agt. *Peck*, 5 *Hill*, 215.)

3d. If it was improper to insert the *names* of the individuals constituting the board of excise in the summons, inasmuch as the complaint shows that the board sues in fact, such names can be stricken out by the court, under the power of amendment conferred upon them by the Code. (*Code*, §§ 173, 176;

Hait agt. Benson.

see, also, notes to these sections, Howard's Code, pp. 296–302; Commissioners of Excise agt. Sperry, 16 Howard, 211.)

III. The complaint is sufficient. It contains two counts. The first is a general one, in which the plaintiffs, as a board, claim fifty dollars of the defendant, for selling strong and spirituous liquors, or wines, in quantities less than five gallons at a time, without having a license therefor, at his shop, in Lloyd aforesaid, contrary to and in violation of the provisions of "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857.

The second count is similar to the first, except that it specifies the kind and quantity of liquor sold, and the parties to whom it was sold.

1st. It will be seen, by a reference to the complaint, that there is no force in the objection that the judgment was erroneous, for the reason that only a single penalty can be recovered under one count in a complaint.

The complaint has two counts—under either of which a recovery would be proper. The general count is good. (People agt. Bennett, 5 Abbott, 384; same case affirmed, 6 Abbott, 343; Hall and Wheeler, Overseers, &c., agt. McKechnie, 22 Barb. 244; Phinny agt. Phinny, 17 Howard, 193.)

2d. The recovery would be good under the second count. It shows several violations of the excise law, and under no rule of pleading applicable to justices' courts would the plaintiffs be confined to a single penalty, as there is no particular mode of separating causes of action in that court. (Code, § 64, sub. 5; Hall and Wheeler, Overseers, &c., agt. McKechnie, 22 Barb. 244.)

3d. The plaintiffs having established, by the proof, a right to recover for more than two penalties, the court, for the furtherance of justice, would allow the pleading to be amended, if necessary, to sustain the judgment. (Code, §§ 173, 176, and notes supra; Bate agt. Graham & Jordan, 1 Kernan, 237.)

GOULD, Justice. It seems to me that the decisions in 4 Hill, 136, and 5 Hill, 215, and 1 Denio, 279, are not at all

at variance with that in 6 *Hill,* 240; nor do I see that 2 *Kern.* 52 alters either of those prior decisions. And while I am confident that this suit would have been well brought in the name of the Board of Commissioners, without the individual names of the members of that board, there can be no pretence that the whole cause of action is not specifically and appropriately alleged as accruing to them *as* the Board of Commissioners, and *to* the Board of Commissioners. Under these circumstances, I see no occasion for holding the words, "Board of Commissioners of," &c., to be merely "*descriptio personæ*," any more than for holding that the individual names are mere surplusage, where the right of action is well set forth, and the proper party plaintiff named as such.

I should affirm the judgment.

HOGEBOOM and WRIGHT, *Justices,* concurred.