PAIGE, Chamberlain, &c. *vs.* FAZACKERLY.

Actions by public officers, as such, should be brought in their individual names, with the title of their office added.

If, in an action brought by one as "chamberlain, &c.," no objection is taken, on the trial, that the plaintiff is not chamberlain, it will be *assumed*, on appeal, that the fact of his being the incumbent of the office was understood, or taken for granted.

When it is obvious that a fact was assumed, on the trial, it is as much in the case as if it were expressly proved.

If a party acquiesces in a course of proceeding which assumes the existence of a fact, he will be deemed to have admitted it; and the fact will be treated, on appeal, as beyond the reach of any objection not made on the trial.

When a court of review is satisfied, from the general scope and tenor of the proceedings on the trial, that a particular fact was not a matter of contest, nor a ground of objection there, but was assumed, or taken for granted, in the conduct of the cause, it may and should conclude that the fact was as it was assumed to be.

APPEAL by the plaintiff from a judgment of the county court of Albany county, reversing a judgment recovered by the plaintiff in the justice's court of the city of Albany, for a penalty of $25 for selling bread of defective weight. The proceedings were commenced by warrant served on the defendant, which required him to answer the plaintiff "for a penalty of $25, or under, for violating an ordinance of the city of Albany, on the 24th day of September, 1860, viz. for manufacturing for sale as a baker 100 loaves of bread of defective weight." The warrant was indorsed as being issued on a charge of violating an ordinance of the common council of the city of Albany, entitled "of the manufacture and sale of bread." The defendant was brought into court, and the complaint was then presented "against the defendant for manufacturing, as a baker of said city, bread for sale of defective weight, viz. 100 loaves, upon the 24th September, then instant, and in violation of an ordinance and law of the common council of said city, entitled a law to amend chapter 2 of the city laws entitled 'of the manufacture and sale of bread.'" The defendant denied the complaint. The case

was adjourned, and subsequently proceeded with, in the presence of both parties and their counsel. A witness for the plaintiff testified that he knew the defendant; that he was a baker in Elm street; that witness went to his bakery on the 24th of September and weighed 105 loaves of bread just taken out of the oven, and that 100 of them fell *short of weight,* varying from half an ounce to three ounces. The defendant moved for a nonsuit, for these reasons, viz: 1. "That the court had no jurisdiction of the person or subject matter. 2. The action is improperly brought. 3. No violation of law is shown. 4. The proof does not show that the bread was not made into loaves in accordance to law. 5. The law under which the proceedings are taken is unconstitutional and void." The motion being denied, the defendant gave evidence tending to show that the bread was properly scaled, made of other flour than usual, and that it would *dry out,* more or less. The testimony being closed, the cause was argued, and the justice gave judgment for the plaintiff, and against the defendant, for $25 penalty and costs. The defendant appealed to the county court, where the judgment was reversed, and the plaintiff appealed to this court.

*Clinton Cassidy,* for the plaintiff, (appellant.)

*O. M. Hungerford,* for the defendant, (respondent.)

*By the Court,* HOGEBOOM, J. There is nothing before this court to show upon what ground the county court reversed the justice's judgment; but the defendant's counsel now makes these objections to the recovery before the justice: 1. That the plaintiff was bound to show the city ordinance before he could recover. 2. That he was also bound to show that the defendant was a baker in the city of Albany. 3. That there was no statute authorizing the chamberlain to sue for the penalty; and if there was a city ordinance, it should have been proven—as also that Paige was chamberlain. 4. That

the action should have been brought in the name of "the chamberlain of the city of Albany," and not in the name of Paige as such. 5. That the evidence did not show a violation of the ordinance. 6. That the ordinance was unconstitutional and void.

It is safe to say that at the trial none of these objections were properly taken, except the *last*, which is now not strenuously urged. There is no doubt that a city ordinance regulating the weight of bread is a valid police regulation. (*Laws of* 1842, *ch.* 275, § 29. *Tanner* v. *Trustees of Albion,* 5 *Hill,* 121. *Mayor of New York* v. *Williams,* 15 *N. Y. Rep.* 502.)

It is true that, in the motion for a nonsuit, it was urged that no violation of law was shown; but that raises no question whatever, any more than the general issue, or a claim that the plaintiff is not entitled to recover. It presents no specific point—nothing precise or definite upon which the mind of the court or the opposing counsel could act.

It was also urged that there was no proof that the bread was not made into loaves in accordance to law; which is but reiterating the same objection in a little different language. It conveys no idea of the specific objection designed to be urged, nor of any particular defect in the plaintiff's case. The plaintiff had without objection shown that the loaves were "short of weight;" that is, as we must assume, short of the lawful or prescribed standard of weight; and this, on the question of fact, made a prima facie case. If the defendant, under cover of this objection, meant to urge that the ordinance had not been proved, his language was ingeniously contrived to conceal his idea; and it would be a fraud upon justice to allow it to cover such an objection. The 5th ground of the motion for a nonsuit was, that "the law under which the proceedings are taken is unconstitutional and void." The law was therefore before the court, or its existence and provisions *assumed* to be known.

So the defendant urged that the action was improperly

Paige v. Fazackerly.

brought; but *why*, or for what reason, was not alleged. It does not sufficiently point out that the intended reason was because the chamberlain was not the proper party to bring it. If it did, the objection was untenable, for he is declared by statute to be the proper person to sue for penalties.

Nor does it indicate that the point of the objection was, that the suit should have been brought in the official name of the incumbent of the office. If it did, the objection was untenable; for it is settled that it should be brought, as in this case, in the individual name of the incumbent, with the title of his office added. (*Supervisor of Galway* v. *Stimson*, 4 *Hill*, 136. *Commissioners of Cortlandville* v. *Peck*, 5 *id.* 215. *Agent of Mount Pleasant Prison* v. *Rikeman*, 1 *Denio*, 279. *People* v. *Commissioners of Highways of Seward*, 27 *Barb.* 97.)

Nor was the objection taken that Paige was not chamberlain; and it must be *assumed*, therefore, that that was understood, or taken for granted. There is some reason for saying that his official title and character stood admitted by the pleadings, by not being specifically denied. But whether this be so or not, it was plainly not a matter of contest, nor a ground of objection at the trial, and it was assumed or taken for granted in the conduct of the cause. This a court of review may and should conclude was the case, when they are satisfied of it from the general scope and tenor of the proceedings. Nor is it an unjust conclusion or assumption, for it is in accordance with fairness and justice, and with the uniform tendency of judicial decisions, (with which we must presume parties to have been acquainted.)

The same remarks are applicable to the objection now *first* made, that it was not shown that the defendant was a baker of the *city of Albany*. It was shown he was a baker in Elm street; and it is not denied that there is such a street in Albany; the proceedings were commenced there; the trial was had there; and it would be an outrage upon common sense, as well as common justice, to suppose that in speaking of

Elm street reference was intended to be made to Elm street in the city of New York, or Philadelphia.    When it is obvious that a fact was assumed on the trial, it is as much in the case as if it were expressly proved.

I think the same considerations dispose of the point, principally urged on the argument, and, so far as appears, never before suggested in the whole course of the proceedings, that the plaintiff did not produce or prove the ordinance under which the right to recover the penalty was claimed.

It is undoubtedly true that the existence of such an ordinance was vital to the plaintiff's case, and should either have been proved or admitted on the trial; that is, admitted by the direct concession of the party, or by his acquiescence in a course of proceeding which assumed the existence of the ordinance.    I think the defendant is in the latter predicament. The course of proceeding justifies us in concluding that the parties knew of the ordinance, and tacitly conceded its existence. · Probably it was before the court in the book of city ordinances.    It is reasonable to presume that the parties acted upon the assumption of such an ordinance.    The warrant and the complaint both made direct and specific reference to it; the plaintiff's evidence referred to it by the use of the term "short weight;" its non-production was not in the remotest degree suggested at the trial; the defendant's evidence was directed to proof tending to disprove the *deficiency of weight,* and in that way the non-violation of the ordinance ; not a point or objection was raised in regard to it; and with evenhanded justice to all parties, I think we may safely conclude that the existence of the ordinance was taken for granted.

It may not be unprofitable to refer to a few of the leading cases in our own reports, where facts apparently assumed at the trial are treated as beyond the reach of any objection not made in the original tribunal.

In *Baldwin* v. *Calkins,* (10 *Wend.* 167,) an objection was made on certiorari that the proceedings for the assessment

Paige *v.* Fazackerly.

of damages under a special act, which required such assess-
ment to be made by three judges of the Onondaga common
pleas *not interested in the land,* did not show that the judges
were *disinterested ;* but the court held that as the adverse
parties were notified, and made no objections to the judges,
their competency was thereby assumed or admitted. (*Pages
174, 175.*)

In *Jackson* v. *Robert's ex'rs,* (11 *Wend.* 422,) the point was
considered in the opinions of two of the senators, and it was
maintained that where it appears from the bill of exceptions
that on the trial of the cause certain positions of law were
contended for by one of the parties *on the assumption of cer-
tain facts,* and the circuit judge, on the same assumption of
facts, decides the law against such party, who excepts to the
decision and moves for a new trial, the supreme court, on
the motion for a new trial, are warranted in considering the
facts *as appearing* in the bill of exceptions.

In *Mann* v. *Eckford's ex'rs,* (15 *id.* 510,) it became ne-
cessary for the plaintiff to show that the Western Insurance
Company had title to the bond and mortgage of one Gib-
bons; and one of the grounds of the motion for a nonsuit
was that such proof had not been given. In the argument
at bar, under cover of this objection, it was urged, 1. That
the company had no *power* to take this bond and mortgage;
and 2. That the transaction was illegal and void, as having
taken place at an office of the company in *New York.* The
court refused to give any countenance to the objection, and
remarked, " the party is not at liberty to make general ob-
jections at the circuit, and then seek to overturn the decis-
ion of the judge upon grounds which were not distinctly
presented to his mind."

In *Doane* v. *Eddy,* (16 *id.* 525,) the defendant justified
the taking of personal property under an attachment issued
against the plaintiff's mortgagor, pursuant to the laws of the
state of Vermont. On the argument at bar, to set aside the

nonsuit, the plaintiff took the point that the defendant had not shown himself a *creditor* of Julius Doane, the mortgagor, nor shown the *regularity* of the proceedings under which the attachment issued, according to the laws of Vermont; but the court held that these points were unavailable, not having been made at the trial.

In *Patterson* v. *Westervelt,* (17 *Wend.* 545,) the action was for an escape, and the court say : " It was said by the defendant's counsel, on the argument of this case, that no escape was proved at the trial. The evidence was truly very slight, but the judge and parties assumed it as sufficient, and no such point was made at nisi prius. Had it been, further proof would doubtless have been given ; perhaps indeed it was given, but omitted in making up the case, because there was no objection on account of the defect; a thing which often happens. It is enough, therefore, to say that the point was not made, but the cause proceeded on entirely different questions, taking the escape for granted."

In *Beekman* v. *Bond,* (19 *id.* 444,) the head note of the case is : " Where, on the trial of a cause, a fact is assumed by the court and counsel to exist, and the case disposed of at the trial upon such assumption, the non-existence of the fact in the case presented to the court on a motion for a new trial, cannot be urged in opposition to the application for a new trial." The action was trover, for the value of a canal boat. The plaintiff claimed under a mortgage from Hartwell, the former owner. The defendant claimed under a purchase from Hartwell, alleging that the mortgage was fraudulent. The only evidence of the purchase was that " Hartwell sold the boat to the defendant." The court, in their opinion, say : " The point raised by the plaintiff's counsel that the defendant did not prove he *had paid value* for the boat, was not taken at the trial. On the motion for a nonsuit, it was *assumed* by the judge and by the counsel for both parties that the defendant was a bona fide purchaser,

Paige *v.* Fazackerly.

and that the only question was whether the plaintiff's mortgage was fraudulent. The party cannot now take an objection, which, if taken at the proper time, might have been answered."

In *Ford* v. *Monroe*, (20 *Wend.* 211,) the action was on the case, to recover damages for the negligence of the defendant's servant in driving a carriage. The court say : " The main ground urged in support of the application for a new trial is, that the proof failed to establish that the servant was acting in the business of the master, or within the scope of his authority. The answer to which is, that the point was not made upon the trial; neither in the motion for a nonsuit, or after the testimony had closed. The cause seems to have been tried and defended upon the *assumption* of the existence of the relation of master and servant between the defendant and the person driving the carriage. Had the objection been taken, more full proof might have been called out, so as to have placed the question beyond doubt."

In *Oakley* v. *Van Horne*, (21 *id.* 305,) the action, in a justice's court, was trespass for selling personal property for a school tax. " It did not appear that any evidence was given to show that before the levy the collector demanded the payment of the tax, according to 1 *R. S.* 478, § 48, 2*d ed.*" And the Delaware common pleas reversed the justice's judgment, given for the plaintiff. The supreme court reversed the judgment of the common pléas, and affirmed that of the justice ; and they use this language : " Had the objection now raised come before us on a bill of exceptions, it must have been shown affirmatively that the collector failed to justify by proving a *demand* before he levied ; and besides, that the defect was mentioned as an objection ; for it is one which may be supplied, and we would intend that had the objection been raised it would have been obviated by proof of the fact. Here the parties were present, with every opportunity to raise the point. It has been held in a late case, on certiorari, that an

omission to object will even authorize this court to infer a fact necessary to confer jurisdiction. (*Baldwin* v. *Calkins*, 10 *Wend.* 167, 174.")

In *Thurman* v. *Cameron*, (24 *Wend.* 87,) it was held that where, on the trial of an ejectment, a verdict is entered for the plaintiff, with leave to the defendant to move to set it aside, on the motion for a new trial the defendant is not allowed to object that the plaintiff *failed to show title in himself*, if such objection was not raised at the trial.

In *Hunter* v. *Trustees of Sandy Hill*, (6 *Hill*, 410,) which was an action of ejectment, one portion of the defense was that the land had been dedicated to the public use. In the argument at bar the plaintiff's counsel urged that the evidence of dedication was insufficient to sustain the verdict. But the court say: "It is now objected that the fact of dedication was for the jury, and that the judge erred in assuming it to be established. But this view was not presented at the trial, and the point cannot now be raised."

In *Willard* v. *Bridge*, (4 *Barb.* 361,) the action was trover against a warehouseman, for two bales of hops, and the court, among other things, charged the jury that the delivery of the hops by the warehouseman to any other than the true owner was a conversion. In the argument at bar the counsel attempted to raise the question that there was no sufficient evidence of such *delivery ;* but the court refused to entertain the question; holding that "the cause was tried and submitted to the jury upon the *assumption* that the property had been taken by some person other than the owner from the warehouse of the defendant."

In *The Trustees of St. Mary's Church* v. *Cagger*, (6 *Barb.* 576,) which was error from the mayor's court of Albany, the defendant moved for a nonsuit upon the grounds, 1. That the plaintiff had shown no right to recover ; and 2. That the evidence did not entitle the plaintiff to recover under the declaration ; which motion was denied. In the supreme court

the counsel for the plaintiffs in error, upon the above mentioned grounds, attempted to raise the question that Susannah Cagger (the plaintiff below) was not shown to be the legal representative of William Cagger, (to whom the defendants were indebted.) The court held that this point was not sufficiently presented in the court below, and affirmed the judgment.

In *Merritt* v. *Seaman*, (6 *Barb.* 335,) the general rule in regard to the necessity of making objections pointed and specific, is well stated by Parker, J. in the following language : " It is a salutary rule, and applicable as well to cases as bills of exceptions, that a party shall not be permitted, on a motion for a new trial, to avail himself of an objection made at the trial, unless the ground of objection was so particularly stated as to enable the opposite party to supply, if possible, the alleged defect. (*Van Gorden* v. *Jackson*, 5 *John.* 467. *Frier* v. *Jackson*, 8 *id.* 507. *Jackson* v. *Caldwell*, 1 *Cowen*, 622. *Hunter* v. *Trustees of Sandy Hill*, 6 *Hill*, 407. *Willard* v. *Warren*, 17 *Wend.* 257. *Thurman* v. *Cameron*, 24 *id.* 87. *Ryerss* v. *Wheeler*, 25 *id.* 437. *People* v. *Bodine*, 1 *Denio*, 281. *Williams* v. *Larkin*, 3 *id.* 114. *Gillett* v. *Campbell*, 1 *id.* 520. *Underhill* v. *Pomeroy*, 2 *Hill*, 603.)"

In *Munson* v. *Hegeman*, (10 *Barb.* 112,) which was trover to recover the value of two canal boats, the plaintiffs' counsel having stated that it was admitted by the pleadings that the defendants sold said canal boats, and that the plaintiffs had demanded them and the defendants had refused to deliver them, and this statement not having been denied by the defendants' counsel, and the judge having thereupon, without proof, disposed of the cause upon the *assumption* that the facts were *as stated*, it was held on appeal that these facts were not open to debate, or to the objection that they were not proved, but must be taken as admitted. The court say, it is objected " that the alleged demand and refusal was not admitted by the pleadings. This objection comes too late.

The admission was assumed by the court as true, without objection or dissent on the part of the defendants' counsel."

The judgment of the county court should be *reversed,* and that of the justice *affirmed.*

[Albany General Term, March 3, 1862. *Gould, Hogeboom* and *Peckham,* Justices.]