## JAMES M. NORTHRUP, RESPONDENT, v. SARAH M. GARRETT AND MYRON H. CHAMBERLAIN, APPELLANTS.

*Bond given on the issuing of an attachment — objections as to the form thereof, must be taken at the trial — what damages are recoverable under.*

Where, in an action upon a bond, given upon the issuing of an attachment by a justice of the peace, no objection is made upon the trial to its sufficiency, or to the manner of its execution, such objections cannot be raised on appeal.

Expenses and counsel fees, incurred by a party in preparing for and trying an attachment suit, are recoverable under the bond given upon the issuing of the attachment.

APPEAL by the defendants from a judgment of the County Court of Onondaga county. reversing a judgment of a justice of the peace.

The action was brought upon a bond given by the defendants to the plaintiff, upon the defendant Garrett obtaining an attachment from a justice of the peace in an action brought by the defendant Garrett against the plaintiff, in which action Garrett's recorded affidavit was used to obtain the attachment, but no other written application was made. The justice rendered a judgment in this action of "no cause of action."

*Butterfield & Phillips,* for the appellant.

*A. L. Johnson,* for the respondent.

HARDIN, J. :

The defendants insist here that there was not sufficient proof given of a bond, to justify a recovery. The justice, before whom the attachment proceedings were had, was called as a witness in this action. He testified : " I have the affidavits on which attachment was issued. (Paper produced.) Objected to, for the reason

| 17 | 497 |
| 82 | 334 |
| 17h | 497 |
| 69 AD² | 140 |
| 17h | 497 |
| 174 NY² | 169 |

(1) the docket does not show a written application; (2) that the docket shows the judgment has been paid; (3) that it is insufficient and no foundation laid; (4) the justice had no jurisdiction." These objections were properly overruled and the affidavits received in evidence. . The original bond was then shown and offered in evidence. The same objections were made to it and properly overruled, and the bond was received in evidence. A copy of the bond is returned, and it appears to be in the usual form, and is conditioned " *to pay* all damages and costs which he may sustain by reason of issuing of such attachment." It is signed by the defendants and contains a clause, viz. : " Given under our hands and seals this —— day of July, 1877." There were several objections to the form of the bond, taken to the plaintiff's right to recover, but no particular objection to its execution, nor to any omission therefrom.

We must therefore assume that the bond was in every respect in accordance with the requirements of the statute in such cases, and the defendants cannot for the first time on appeal raise a question as to whether the bond was under seal. If the objection had been timely taken as to the bond used to obtain the attachment, the principal and surety could not have been successful, as they " ought not to be permitted to get rid of it by alleging that it was not so strong or so perfect," as the justice, to whom it was presented, might have required them to make it. (*Shaw* v. *Tobias*, 3 Comst., 192.) This principle was again asserted in *Kelly* v. *McCormick* (28 N. Y., 322). The instrument upon its face shows a sufficient consideration to bind these defendants as a simple contract. (*Kelly* v. *McCormick, supra.*) The case of *Tiffany* v. *Lord* (65 N. Y., 312) may be distinguished from either of those cited *supra*, and from the one before us. There the objection was to the jurisdiction of the justice, upon the ground that the party who undertook to give a bond had failed, and the objection was taken by the defendant in the proceedings; whereas here it is taken by the parties who executed and delivered it as a bond and had the benefit of proceedings based upon it.

In *Johnson* v. *Martin* (1 N. Y. S. C., 504 " [T. & C.])," the *order* appointing a receiver required him to give a bond with two sureties, and it was held that an instrument with one surety, and

*not* under seal, was not a compliance with the order, and that the defendant, against whom the receiver brought suit, could take the objection that the receiver was not authorized to act. Here the defendants did not take the objection *timely*, nor was it good in their mouth.

The case of *Kelly* v. *Archer* (48 Barb., 68) is cited by the appellants, and they claim that it establishes that the jurisdiction of the justice in the attachment suit may be attacked. The proceedings were there set up by way of justification to the taking the property ; and the objection to their validity was taken by the party against whom the proceedings were had. That case is, therefore, distinguishable from this one.

In *Homan et al.* v. *Brinckerhoff* (1 Denio, 184) the objection to the jurisdiction of the justice was raised on appeal by the defendant, and that case is not applicable to this one. Nor is the case of *Rockefeller* v. *Hoysradt* (2 Hill, 616) applicable. That was an action upon an instrument claimed to be a bond, and it was held to be only a *covenant* and misdescribed in the declaration, and the variance was said to be fatal.

In *Browne* v. *Mellor* (6 Hill, 496), it was held that an action on the bond might be maintained ; it was held that although the justice failed to acquire jurisdiction in the attachment suit, that the defendant in that suit might maintain an action upon the bond. The case is an authority to support this action. No question was made upon the trial as to the execution of the bond, when it was offered and received in evidence, and none can, therefore, be made here. The execution was assumed on the trial. (*Paige* v. *Fazackerly*, 36 Barb., 392; *Barnes* v. *Perine*, 2 Kern., 18; *Mabbett* v. *White*, 2 id., 442.)

The plaintiff gave evidence tending to show his expenses and expenditures necessarily made in preparation for trial, and for the trial of the attachment suit, with a view of establishing a breach, and the damages sustained by " reason of the issuing of the attachment." He had employed a person to try the cause, who tried it, and who testified his services were worth ten dollars. There was, therefore, some evidence upon which the justice's court might have found a breach of the bond, with damages.

In section 1515 of the fourth edition of Cowen's Treatise, it is

said : " In an action upon a bond given to authorize the issuing of an attachment, the measure of damages is not the mere taxable costs in the attachment suit ; the obligee may recover his damages at large for the seizure, detention and deterioration of his goods, his time and trouble in defending the suit, *expense of employing counsel*," etc.

In *Bennett* v. *Brown* (20 N. Y., 102); *S. C.* (31 Barb., 158, affirmed), it was held that such a bond covers the costs of a *certiorari* as " they were clearly caused by the issuing of the attachment." In obtaining an injunction, the undertaking requires the party " to pay such damages as he may sustain by reason of the injunction." Its language is very like that used in this attachment bond. It has been repeatedly held that such language requires the party to pay necessary counsel fees incurred, to get rid of the injunction. (*Coates* v. *Coates*, 1 Duer, 664; *Edwards* v. *Bodine*, 11 Paige, 224; *Corcoran* v. *Judson*, 24 N. Y.. 109; *Strong* v. *De Forest*, 15 Abb., 427.)

We must, therefore, hold : (1.) That the justice improperly rendered a judgment of " no cause of action." (2.) That the County Court properly reversed such judgment, and the judgment of the County Court should be affirmed.

TALCOTT, P. J., concurred ; SMITH, J., not voting.

Judgment affirmed.