JEREMIAH BULGER, RESPONDENT, *v.* ISAAC A. ROSA, AS SHERIFF, ETC., APPELLANT.

*Entry of a judgment upon an offer made by the attorney of the defendants — a defect in the statement of his authority to make such offer, or the fact that only one of two partners authorized it, does not render the judgment void — Code of Civil Procedure, sec.* 740.

In this action, brought by the plaintiff, Jeremiah Bulger, to recover the possession of a stock of groceries, the defendant, a sheriff, by his answer, justified under four executions issued on judgments recovered against John Sherlock and John Bulger. After the plaintiff had rested the defendant offered in evidence the four judgment-rolls, transcripts of such judgments and executions issued thereon, which were excluded by the court upon an objection made by the plaintiff that it appeared that the actions were brought against two parties, who were partners, and that the judgments were entered by the authority of only one of the parties, and that as no separate judgment could be had in such actions therefore the judgments were void and incompetent and immaterial as evidence in the action. The offer of judgment in each of the actions was subscribed by an attorney, who had appeared in each action generally for both defendants, and was accompanied by an affidavit stating that he was the attorney for the defendants in the

action; "that deponent is duly authorized by John Sherlock one of said defendants, said defendants being copartners, to make the foregoing offer of judgment on behalf of said defendants, and has subscribed the same pursuant to such authority."

*Held*, that as the truth of the statement of Sherlock was not questioned, it was fair to presume that Bulger had directed him to give the attorney authority to make the offers; and that if such direction had in fact been given the attorney was, beyond doubt, duly authorized, within the meaning of section 740 of the Code of Civil Procedure, as much as if Bulger had himself given the attorney personal authorization.

That if authority was not so given to the attorney by Bulger through Sherlock, yet, as the general appearance by the attorney for both defendants conferred jurisdiction upon the court of both the subject-matters of the action, and of the persons of the defendants, the defect in the offer was an irregularity only which did not render the judgment void, but only voidable upon a motion made by Bulger, and that it could not be attacked collaterally.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, at the Montgomery Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was in replevin to recover the possession of a stock of groceries from the defendant. The defendant by his answer justified under four executions issued on judgments rendered against John Sherlock and John Bulger, averring that the property in question belonged to them, or that they had a leviable interest therein. After the plaintiff had rested the defendant offered in evidence the four judgment-rolls, transcripts of the judgments and executions thereon. Plaintiff objected "that it appeared that the actions, the judgment-rolls in which had been offered, were brought against two parties who were partners; that the judgments were entered by authority of only one of the parties; that as no separate judgment could be had in such actions therefore the judgments were void and incompetent, and immaterial as evidence in the action." The court sustained the objections and excluded the evidence.

The papers in each of the judgment-rolls contained a summons, verified complaint, general appearance for both defendants, by Lucien Tuffs, Jr., an attorney-at-law, offer of judgment against both defendants, subscribed by the attorney appearing, accompanied by an affidavit in these words: "Lucien Tuffs, Jr., of said city, being duly sworn, says that he is the attorney for the defendants in the

above entitled action; that deponent is duly authorized by John Sherlock, one of said defendants, said defendants being co-partners, to make the foregoing offer of judgment on behalf of said defendants, and has subscribed the same pursuant to such authority; " an acceptance of the offer by the plaintiff's attorney duly verified, affidavit of the plaintiff's attorney of the offer and acceptance, statement of judgment, statement of costs, filing of roll and entry of judgment in Albany county clerk's office, transcript of judgment on file in Montgomery county, docket of judgment in the clerk's office of said county, and execution issued thereon to the defendant, as sheriff of Montgomery county. The trial resulted in a judgment in favor of the plaintiff, and the defendant appeals.

*N. C. Moak* and *E. J. Meegan*, for the appellant.

*Z. S. Westbrook*, for the respondent.

PARKER, J.:

Section 740 of the Code of Civil Procedure provides, that when an offer of judgment is subscribed by an attorney, instead of the party, he must " annex thereto his affidavit, to the effect that he is duly authorized to make it, in behalf of the party." In the affidavit in question, the attorney states in effect, that he was duly authorized to make the offer in behalf of both defendants, *by one of them.* Now if Bulger did direct his co-defendant and co-partner to give the attorney such authorization, he was beyond doubt as duly authorized within the meaning of that section as if he had given the attorney personal authorization, and as the truth of the statement of Sherlock is not questioned it is fair to presume that he did give such authority. In any event it cannot be argued that the affidavit on its face shows a want of authority to offer judgment for Bulger. If authority was not given to the attorney by Bulger through Sherlock as stated, Bulger had a complete remedy in a motion to set aside the judgment as against him, upon the ground of irregularity. (*Garrison* v. *Garrison*, 67 How., 271.)

Either a motion or an action brought directly for the purpose, were necessary in order to relieve him from the burden of the judgment, although authority had not been given. The general appearance by Tuffs, an attorney-at-law, for both defendants, con-

ferred jurisdiction upon the court, of both the subject-matter of the action and of the persons of the defendants. Jurisdiction having been thus acquired by the court before the offer of judgment was made, the offer, no matter how defective, would not render the judgment wholly void. It would merely constitute an irregularity voidable on disclaimer and motion by the defendant erroneously affected; or if the irregularity was the result of a mistake, the court in the interests of justice, could by order permit a proper affidavit to be supplied, and the judgment made regular in form.

The defect complained of being one of regularity of procedure, and not of jurisdiction, the judgments cannot be attacked collaterally. (*White* v. *Bogart*, 73 N. Y., 256.) This the defendant was permitted, erroneously, to do on the trial in the court below.

The respondent urges that the defendant having failed to prove any facts making the judgments admissible against the plaintiff, they were immaterial and irrelevant, and the judgment should not, therefore be reversed, even though this court should hold that the court below erred in holding that the judgments were void. We cannot indorse that position. The first evidence offered upon the part of the defendant consisted of the judgment-rolls. The court held that the judgments were void, and excluded the judgment-rolls and the executions issued thereon.

The defendant having justified under the judgments and executions, and they having been excluded, it was of no avail for him thereafter to attempt to show that the judgment-debtors had a leviable interest in the property in controversy; and he was not called upon to prove the facts necessary to show that, had the judgment-rolls and executions been admitted, they would have been material.

The case having been tried and disposed of in the court below upon the theory that the judgments were wholly void, the case must be decided upon appeal on the same theory. (*Paige* v. *Fazackerly*, 36 Barb., 392, 395, 401, and cases cited.)

Judgment reversed and new trial granted, costs to abide the event.

Landon and Fish, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.