KENNEALLY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. January 17, 1905.)

1. STREET RAILROADS—TRACKS—DEFECTS—INJURIES—APPEAL—RIGHT TO ALLEGE ERROR.

Where, in an action against a street railway company for injuries to plaintiff's horse and buggy by an alleged defect in the street, defendant admitted its incorporation, its duty to keep the pavement and track in repair, and plaintiff's damages, whereupon the case was submitted on briefs without suggestion that plaintiff had failed to prove any fact entitling him to recover, defendant could not contend for the first time on appeal that plaintiff was not entitled to recover for failure to prove that he was damaged by reason of the conditions existing at the point of injury, or that such conditions were due to defendant's negligence.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Thomas Kenneally against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
William J. Bolger, for respondent.

SCOTT, J. The oral complaint stated the cause of action as "negligence." The defendant denied generally, also orally, and demanded a bill of particulars. In the bill the plaintiff stated that his horse and carriage were damaged by reason of a hole in the pavement between defendant's tracks. At the trial, after the plaintiff had been sworn, the defendant's counsel stipulated upon the record the incorporation of defendant; that it maintained and operated the railway at the point indicated; and that its franchise required it to pave between the tracks, and keep that pavement in repair, and the pavement for two feet outside the rails. They also conceded the amount of plaintiff's damage. Defendant's counsel then stated that they wanted to show the contract between the city and the Rapid Transit Company, to show what their agreement was. The case was then adjourned for the submission of briefs. No motion whatever was made by defendant's counsel, and no suggestion was made that the plaintiff had failed to prove any fact entitling him to recover. On appeal, for the first time, defendant urges that it was not made to appear either that the plaintiff's property was damaged by reason of the conditions existing at the point of injury, or that such conditions, if they existed,

resulted from defendant's negligence. It is too late to raise these objections now. The whole course of the trial shows that the defect in the pavement, the resulting injury, and defendant's negligence were assumed. It is a well-established rule that if a party acquiesces in a course of procedure which assumes the existence of a fact he will be deemed to have admitted it, and the fact will be treated on appeal as beyond the reach of any objection not made on the trial. Paige v. Fazackerly, 36 Barb. 392. The contract between the city and the Subway Company is not returned, and cannot, therefore, be considered.

Judgment affirmed, with costs. All concur.