# Fisher *versus* Harrisburg.

Grant's.<br>2gr291<br>201 579

1. A municipal corporation has power to make sewers, without any special authority given with that view.

2. A municipal corporation may, by general rules, regulate the use of sewers, and the price at which any private person may tap them; and protect them against injury or invasion, by proper penalties.

ERROR to the Court of Common Pleas of *Dauphin county*.

This was an action of debt, originally brought by the plaintiff below, before the chief burgess of the borough of Harrisburg, "to recover *the penalty* for violating the fifth section of the ordinance of the borough of Harrisburg, passed March 1, 1851, in relation to the use of the public sewers in the borough of Harrisburg." June 7th, parties appeared before the chief burgess, and a hearing was had, when "the chief burgess held the case over for consideration," who on the 28th June, of 1852, entered a judgment for the plaintiff "*for the penalty* of twenty-five dollars and costs of suit." From which judgment the defendant appealed to the Court of Common Pleas of Dauphin county on the 5th of July, 1852.

[Fisher *v.* Harrisburg.]

The facts of the case are fully stated in the following charge to the jury, by PEARSON, J.

" This suit is brought to recover a fine imposed by a borough ordinance, against any person who shall tap a sewer or drain belonging to the borough of Harrisburg, without having first obtained permission from the town council, or one of the street committee, and paid into the treasury the sum fixed by the ordinances.

" In the year 1830, the borough constructed a sewer, extending from the river, up Locust street, as far as River alley, which was, in the year 1833, extended to Second street. In May, 1851, the defendant was about to build a house on the corner of Second and Locust streets, and the cellar having in it a very considerable quantity of water, he caused a drain to be dug therefrom to the sewer, and tapped it. He was informed at the time, by his workmen, of the ordinance, but said he would pay the sum required, if the sewer answered his purpose. It appears, from the evidence, that it answered, but not quite so perfectly as the defendant desired. The workmen say it drained the cellar dry, and is still used for that purpose, but is not quite sufficiently deep to drain the moisture, and perhaps the water from the ash-pit under the furnace, or from drains cut round the walls. You have heard the evidence as to Mr. Fisher being called on for payment, and his refusal, with all that transpired. Also, that he had some trouble in cleaning out the sewer. The act of the defendant, in tapping and using the sewer without permission, and refusing to make payment, is in clear violation of the ordinance, if you believe the facts as stated; and the defence is predicated entirely on the invalidity of the borough ordinance, to the validity of which the following objections are raised:

" 1. The borough officers have no power to enact by-laws, except as expressly authorized by statute. No implied authority exists.

" 2. Every by-law must be for the public benefit, and this is not.

" 3. This by-law is not reasonable, and therefore is invalid.

" 4. Every tax imposed by a borough ordinance must be equal. This assessment for permission to use this sewer is unequal, and is in the nature of a tax.

" 5. The officers could assess nothing but a tax, which must be on property, according to its value.

" 6. The charge is unequal, being the same for a drain leading from a house worth $1000 and $10,000.

" 7. The sewer was built without authority; the borough possesses no such power.

" 8. The charge against the defendant is unjust, as the other residents on the street had used the drain without charge.

" 9. This by-law is improper and unreasonable, as it confers power on the burgess to try the claim of the borough.

" 10. The amount charged is unreasonable, and penalty unreasonable for violating the ordinance.

" 11. The penalty is void, not being for a certain sum.

" Every corporation, as an incident to its creation, has the power to enact such by-laws as may be found from time to time necessary for its government, provided they conform to the laws of the United States and of this State, and the general terms and objects of its charter.  Angell on Corporations, 177.   But where the law granting the charter confers a power to make by-laws, no implied power exists.   Express authority is conferred by law upon the officers of this borough, particularly for repairing and keeping in 'order the streets, &c., under which, we have no doubt that the power exists to construct proper drains or sewers; and such a system of drainage is essential to the comfort of the inhabitants, and is for the public benefit.

" Every by-law must be reasonable; or rather taken negatively, it must not be unreasonable.   We can . see nothing unreasonable in requiring those who use a drain to pay for its use.

" Every tax imposed should be just and equal, and conform to the laws of the land, and levied according to the assessed value of the property.   But the charge in the present case is not in the nature of a tax, but a charge against the individual for using the property of the borough.   It has no more similitude to a tax, than the rent paid by a butcher for his stall in the market-house.   That building was erected by the borough, and the stalls are leased to the various occupants at such prices as the owner—the borough—fixes on them.

" We have no doubt of the power of the borough officers to fix, by law, the price which shall be paid for using this sewer, as well as for a stall in the market-house ; and neither are in the nature of a tax.   The charge is said to be unequal, the same amount being awarded for the drainage from a house worth one or ten thousand dollars.   That too, is unimportant, as the amount of drainage may be as great from a small as a large tenement, and sometimes more, depending on the nature of the business pursued.   We have already stated our opinion that the borough officers have, under their charter, the authority to make sewers, and they might have charged for its use from the beginning, or permit it to be used for some years without compensation made, and when the finances of the borough required it, impose a charge for its use.   No injustice was done to the defendant, by others having in previous years been permitted to use it gratis. Until the passage of the ordinance on the 1st day of March,

[Fisher *v.* Harrisburg.]

1851, nothing could have been exacted for its use; after that, all are alike chargeable. We do not consider the amount charged unreasonable, as the construction of a private drain to the river would have cost each individual several hundred dollars; and although this sewer was built with the funds of the borough, assessed on all the property of the citizens, it is but fair to charge those more immediately benefited by the drainage, a larger sum than distant residents, who have no such advantage.

"The penalty, or fine, is probably no more than is necessary to enforce obedience to the ordinance, and in the present case, was not sufficient to induce payment without litigation. The power to make by-laws, necessarily supposes the power to enforce them, by competent pecuniary fines and penalties. Ang. & Ames on Corporations, 200, and the authorities there cited. The Act of Assembly confers the power to impose fines, and declares that they shall be recovered before the burgess, &c., who, although named as a party, has in reality no more interest than any other citizen, and would be competent as a juror or witness under the general laws. Such power is held good when exercised by a mayor's court, (3 Penna. 253;) and although in the present case, the trial by jury before the burgess is not preserved, yet the party injured has it by appeal. We are not prepared to say that the law is unconstitutional. The by-law could not confer jurisdiction, if the act of incorporation had not given it. A *penalty* must generally be for a *certain* sum; but this is imposed in the form and under the name of a fine, which the borough seems to have the power to impose under its charter, and in which some margin may be allowed, to make it proportionate to the offence.

"It is conceded, that the reasonableness of this by-law is purely a question of law, and as such we decide it. 3 Pick. 462. You have already heard our opinion, and have only to determine the amount of the fine, which we think should be the smallest sum named in the ordinance, as the defendant appears to have considered himself aggrieved, and desired to have a legal investigation; but that is a point solely for your determination."

To the charge of the court defendant excepted, and assigned the same for error.

*Flemming*, for plaintiff in error, cited the Act of February 1, 1808, incorporating the Borough of Harrisburg; the Act of 26th of March, 1839, P. L. 183; *Child* v. *Hudson's Bay Company*, 2 P. Wms. 207-209; 2 Kent's Com. 298; 1 Bac. Abr. 504; *Sharp* v. *Speer*, 4 Hill, 83; *Beatty* v. *Knowles*, 4 Pet. 152; *Goddard's Case*, 16 Pick. 504; 6 Johns. 93; 2 Inst.

[Fisher v. Harrisburg.]

532 ; Cathew, 438 ; *The matter of the Mayor of New York*, 11 Johns. 77-80 ; *Bleecker* v. *Ballou*, 3 Wend. 263 ; *Northern Liberties* v. *St. John's Church*, 1 Har. 104 ; *Howard* v. *Savanna*, Charlton, 173 ; 1 U. S. Dig. 487, pl. 6 ; *Commissioners* v. *Gas Company*, 1 Jones, 318 ; *Cone* v. *Worcester*, 3 Pick, 461 ; *Boston* v. *Shaw*, 1 Met. 130 ; 8 Ann, c. 2.

By-laws, if unreasonable or unjust, are void ; or if they be uncertain, or contrary to a statute, they are void. *Latten* v. *Erdbury*, 1 Andrews, R. 234 ; Holt, 130 ; *Mitchell* v. *Reynolds*, 10 Mod. 133 ; *Leathley* v. *Webster*, Sayers, R. 252.

The penalty is unreasonable. Wilcock on Corp. 85 ; Ang. & Ames on Corp. 200 ; *Bartee* v. *Commonwealth*, 3 Pa. R. 253 ; 1 Bouv. Law Dic. tit. Fine, 570 ; *Rogers* v. *Jones*, 1 Wend. 237 ; 7 Barn. & Cress. 838.

The law is settled by numerous authorities, in every question of a corporate right, and in every question on the jurisdiction of an inferior court, the right should be manifest ; corporations must show their power to pass by-laws, and bring themselves by proof within that power. A statute does not, *by implication*, invest the body with any extraordinary authority. If it be intended that any shall be given, it must be by *express* words to that effect. Wilcock on Mun. Corp. 54, pl. 226. "If it be involved in any doubt, this circumstance alone is a strong legal objection to it." 1 Bay, R. 389 ; 1 Bac. Abr. 504 ; 2 P. Wms. 209.

*Briggs*, for defendants in error, cited Charter of Harrisburg. In *Commonwealth* v. *Bacon*, 6 Serg. & Rawle, 322, the council is spoken of by Judge Duncan as the lawmakers of the corporation ; and within the scope of their authority, it is confidently submitted, that the by-laws and ordinances passed by them are as binding and obligatory upon all the citizens of the particular town, as would be an act of Assembly itself. As to the validity and obligatory force of ordinances thus passed by municipal bodies, I will refer the court to *Mayor* v. *Davis*, 6 Watts & Serg. 269 ; 6 Harris, 187 ; *Burk* v. *City of Pittsburgh*, 4 Barr, 49 ; 4 W. & S. 514 ; *Green* v. *Borough of Reading*, 9 Watts, 382. This last case relates to the improvement of streets, under a charter, almost word for word like our own ; and a discretionary power in the council to make all such improvements as to them may seem best, and to keep them up, is fully recognized.

If any doubt exists as to the ordinance, the construction thereof must be in favor of the municipal corporation, who represent the public. 2 B. & Ad. 793 ; 11 Peters, 545 ; 6 Penna. Law J. 32.

[Fisher *v.* Harrisburg.]

As to the reasonableness and necessity of such ordinances and regulations, see 2 Jones, 318.

So long ago as 1799, (3 Smith's Laws, 390,) it was enacted, that no court, aldermen or burgesses shall be disqualified to hear and decide respecting breaches of ordinances and by-laws, by reason of their interest as members of the corporation, and by the Act of 1840, (Pamph. L. 410,) it is enacted, that citizens of boroughs, &c., shall be competent witnesses, jurors, &c., in suits in which the corporation is concerned.

The opinion of the court was delivered July 24, 1854, by

LOWRIE, J.—This cause has been prepared with a degree of care and skill, that indicates the professional zeal of the counsel, rather than the magnitude of the cause and the importance of the principles involved in it. We have not, however, been convinced that there is any error in the case.

A municipal corporation has power to make sewers, without any special authority given with that view, and having made them, it may, by general rules, independent of its general taxing power, regulate the use of them and the price at which any private person may tap them, and protect them by proper penalties, against invasion or injury.

We cannot say that the price at which private individuals may tap these sewers is unreasonable, and we have no right to say it; and the borough is not prevented from regulating the sewerage in this way, by the fact that for several years private individuals were allowed to tap them without charge. If we had a right to say that the penalty for this offence is unreasonable, we cannot say that we would do so, especially when the defendant knew, that by the payment of $10, in accordance with the ordinance, he would have avoided the penalty.

Where the municipal legislature has authority to act, it must be governed, not by our, but by its own discretion; and we shall not be hasty in convicting them of being unreasonable in the exercise of it. It is very common for penal statutes to leave a margin to the discretion of the magistrate, so that the fine imposed may be graded in some proportion to the aggravation of the circumstances, and this is not improper. In this case, it enabled the jury to testify generously of the defendant, by imposing the minimum penalty. We have discovered no error.

Judgment affirmed.