## Stroud *versus* The City of Philadelphia.

61   255|
168   107|

1. A sewer was constructed by the city, the owner of a fronting lot assessed for its payment, and a lien filed for the amount in accordance with the provisions of Acts of Assembly and a city ordinance. *Held*, that the acts and ordinance were constitutional, and the lot was liable for the payment.

2. The legislature were the judges of the justice of such charge.

3. It is immaterial that the culvert was not built at the lot-owner's request, nor for the use or benefit of himself or property, nor on his property.

March 5th and 6th 1869.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Philadelphia:* No. 236, to January Term 1869.

This was a scire facias sur claim, issued October 10th 1868, by The City of Philadelphia to the use of George W. Mooney against George M. Stroud.  The claim filed was against the defendant, "owner," &c., for $287.26, for work and materials for constructing a culvert in front of a lot of ground at the south-east corner of Master and Twentieth streets, Philadelphia, &c.

The defendant filed the following affidavit of defence:—

"That the work done and materials furnished were not done and furnished at his instance and request, but were done and furnished without and against his consent, and were not done or furnished for his use or benefit, nor were the said work and materials in any way done or furnished for the benefit of the property of this deponent described in the claim upon which the writ of scire facias in this suit was issued, but were done and furnished in the construction of a public sewer or culvert, and not on his property, or on any property in which he has any interest or estate, but in a public highway or street, called Master street, in the Twentieth Ward of the city of Philadelphia; that the charge or assessment of the cost and expenses thereof upon him, or on the real estate against which the said claim has been filed is unjust, unequal and oppressive, and without any warrant of just law, and that the same is forbidden by the Constitution of Pennsylvania, especially by the last clause of section 10 of article 9, entitled 'Declaration of Rights,' which clause is in these words: 'Nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being made;' taken in connection with section 26 of the same article, the language of which section is, 'that everything in this article is excepted out of the general powers of government, and shall for ever remain inviolate.'"

The claim was entered under the Acts of April 8th 1864, § 1, Pamph, L. 324, and March 13th 1866, § 1, Pamph. L. 354, authorizing the city of Philadelphia to construct culverts, fix the rates and charges by ordinances, enter liens therefor, &c., and by

[Stroud *v.* City of Philadelphia.]

ordinance of the councils of May 12th 1866, the material part of which is, " that whenever any sewers or drains shall be laid in any of the streets or highways within the city of Philadelphia, the owners of the ground in front whereof the same shall be laid, shall pay for the expense thereof the sum of one dollar and twenty-five cents for each foot of the front of their ground upon such street : Provided, that on all corner lots an allowance shall be made of one-third the length of one of their fronts, such allowance to be always and only on the street or highway having the longest front, and no claim for deduction shall thereafter be considered where, by change of property lines, the allowance made shall, by such alteration, be placed upon the short side," &c.

The ordinance further requires that the contractor for doing the work shall accept the assessment-bills of the work as made by the city surveyor and regulator as cash, and shall have authority to collect them in the name of the city.

The court entered judgment against the defendant for want of a sufficient affidavit of defence, to which he took a writ of error, and assigned the entry of judgment for error.

*S. D. Vail* and *G. W. Biddle,* for plaintiff in error, cited Fletcher *v.* Peck, 2 Kent's Com. 309; Constitution of Pennsylvania, Art. 9, § 10; Vanhorne *v.* Dorrance, 2 Dallas 304; Enslin *v.* Bowman, 6 Binn. 471; McMasters *v.* The Commonwealth, 3 Watts 292; District of Pittsburg, 2 W. & S. 324; Fenelon's Petition, 7 Barr 173; Hancock Street, 6 Harris 30; Tide Water Co. *v.* Coster, 3 Greene's Chan. Rep. 527; The People *v.* Brooklyn, 4 Comstock 419; Commonwealth *v.* Clark, 7 W. & S. 132; Sutton *v.* Louisville, 5 Dana 28.

*J. Lynd,* for defendant in error, referred to the Constitution, the Acts of Assembly and Ordinance; Fisher *v.* Harrisburg, 2 Grant 291; Greensburg *v.* Young, 3 P. F. Smith 280; The People *v.* Brooklyn, *supra;* Sharpless *v.* Philadelphia, 9 Harris 147; Phila. and Trenton Railroad, 6 Whart. 46; Monongahela Nav. Co. *v.* Coons, 6 W. & S. 116; Pittsburg *v.* Scott, 1 Barr 314; Callender *v.* Marsh, 1 Pick. 418; Pray *v.* Northern Lib., 7 Casey 71; Sharp *v.* Spier, 4 Hill 82; In re Mayor of New York, 11 Johns. Rep. 77; Bleeker *v.* Bullon, 3 Wend. 363; Buffalo *v.* Webster, 10 Wend. 101; Vandine's Petition, 6 Pick. 187; Wilcock on Corp., Part I., §§ 229, 242; Magee *v.* Commonwealth, 10 Wright 358; Commonwealth *v.* Woods, 8 Id. 113; Lipps *v.* The City, 2 Id. 503; Schenley *v.* Commonwealth, 12 Casey 29; McGonigle *v.* Allegheny, 8 Wright 118; Howell *v.* The City, 2 Id. 471; City *v.* Tryon, 11 Casey 404.

The opinion of the court was delivered, May 11th 1869, by

[Stroud v. City of Philadelphia.]

READ, J.—The construction of sewers is one of the most important duties of the authorities of a large city, becoming every year of more pressing necessity with the rapid extension of dwellings and the increase of population.   They are, of course, built by the municipality, with funds provided by general taxation or by localized taxation, the latter being now the settled policy of the whole consolidated city.   By the 8th section of the Act of 21st April 1855, the charges for culverts shall not exceed 75 cents per lineal foot, according to the fronts of the owners.

On the 1st May 1861, an act was passed repealing this act, authorizing the city to levy a tax or charge on the front foot for constructing culverts, which power was restored to them by the Act of 8th April 1864, and the charges and rates are fixed by the ordinance of councils of May 12th 1866, under the provisions of the Act of 30th March of that year.

The culvert or sewer in the present case is on Master street, and is in front of defendant's property on the south side of said street extending from the south-east corner of Twentieth and Master eastward 279 feet and ¾ inch.   To the scire facias on the claim filed against the defendant "for work and labor done and performed, and materials furnished in constructing a culvert in front" of this lot or piece of ground, the defendant filed an affidavit of defence, which the court below considered insufficient, and entered judgment against him.

He alleges that the work was not done at his request, nor for his use or benefit, nor for the benefit of his property, and for a culvert not on his property, but in a public highway or street, all of which is clearly immaterial if the city possessed the power to construct the sewer and to lay the tax, which is settled, not only by the law itself, but by the decision of this court in The City of Philadelphia v. Tryon, 11 Casey 400.

The next allegation, that the charge or assessment of the costs and expenses thereof upon him, or on the real estate against which the said claim has been filed, is unjust, unequal and oppressive, and without any warrant of just law, is too vague and uncertain to form any ground of defence.   The defendant pays no more nor less than his neighbors, and in what the injustice or oppression consists does not appear.   The charge is made according to law, of the justice of which the legislature were the judges, and they have been sustained by this court.

We are unable to see the application of the last clause of section 10 of art. 9 of the Constitution of Pennsylvania, or of section 16 of the same article to the present case.   This species of tax or assessment has been repeatedly sanctioned by legislative enactment and by the decisions of this court.

The judgment is affirmed.