## Wistar *et al. versus* Philadelphia.

1. The city of Philadelphia has no power to open a street without paying or giving security to the owner of the land for damages.

2. The city has no power to construct a culvert in a street not opened, although laid out.

3. A street was laid out and viewers appointed to assess damages; they reported no damages to Wistar; he filed exceptions; the city could not open the street while proceedings were pending without giving security for the damages.

4. While the proceedings were pending the city made a culvert in the street: *Held*, that a municipal claim for the cost could not be sustained against Wistar.

February 9th 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia :* No. 326, 327 and 328, of January Term 1871.

Each of these cases was a scire facias on a municipal claim by The City of Philadelphia, to the use of Wilson & Hailey, against " Wistar Est., owner or reputed owner ∙ or whoever may be owner." The writs were issued November 19th 1870. The return was "made known by posting and publication and ' Nihil,' as to defendant."

The lien was filed in the District Court of Philadelphia by The City of Philadelphia, to the use of William H. Wilson and John Hailey, trading as Wilson & Hailey, against " Wistar Est.," owner or reputed owner, or whoever may be owner, for the sum of two hundred and forty-three dollars, " for work and labor done and performed, and material *furnished* in constructing culvert in front of all that certain lot or piece of ground, situate on the east side of Ontario Street, commencing," &c. '

An affidavit of defence was filed, viz. :

" Richard Wistar, one of the defendants, for himself and for his

[Wistar v. Philadelphia.]

co-defendant, being duly sworn according to law, declares that he has a just and legal defence to the whole of the plaintiff's claim in each of the three cases, the nature and character of which are as follows: That since the passage of an ordinance directing the Chief Commissioner of Highways to open and grade Ontario street, north from Girard Avenue to Thompson street, the fee simple of the lots bounding thereon—and for culverting along which in part, these three liens are filed—has descended to the defendants, their deceased aunt, Miss Sallie Wistar, having only a life estate therein; that * * * the opening of said Ontario street would cut the said lots in a manner highly damaging to value thereof, and justly entitling them to heavy damages from the owners on the Broad street front, who were the petitioners for opening the same; that these defendants presented a petition to the Court of Quarter Sessions, praying a jury to assess the damages, by reason of the city taking the ground of these defendants; that said jury reported that no damages were to be paid to these defendants, for so taking their land, which report was filed in court; that within the time allowed by law, these defendants filed exceptions to the errors, both in law and fact, to said report, which said exceptions have never been reached for argument in said court, but are still pending and undetermined; that hearing, by rumor, that the highway department, or some of its officers, were about awarding a contract for building a culvert along the line of Ontario street, these defendants served written notice upon the chief commissioner of the department, of the foregoing facts, and that the report of the jury aforesaid was still pending and not yet confirmed, and that any contract for building any culvert thereon, before the confirmation of report according to law, would be, as they were advised, illegal; and that any attempt to enforce any claim or lien would be resisted. Yet, while the report of jury was then and still is depending and undetermined, the contract was awarded, as they are informed, without any security having been entered or given, to secure to the defendants their damages for taking said land, on a final report of a jury, to the contractor for whose use these claims are marked: And these defendants, by R. Wistar, further say, that although well known to the department, and to said contractor, as being the owners of the lots against which these claims are filed; and their residence in the City of Philadelphia likewise well known; yet, the *scire facias* aforesaid, in each case, was not served upon these defendants, or either of them, or any effort made to do so." * * *

The court entered judgment for the plaintiff for want of a sufficient affidavit of defence for $246.17.

This was assigned for error on the removal of the case by defendants to the Supreme Court.

[Wistar *v.* Philadelphia.]

*E. Waln,* for plaintiffs in error.—The street could not be opened till damages were determined; until opened a culvert could not be made: Commonwealth *v.* Philadelphia, 2 Whart. 294. The street could not be opened before security was given to owner of land for his damages: Act of April 21st 1855, § 7, Pamph. L. 266, 2 Br. Purd. 1287, pl. 124; Sower *v.* City, 11 Casey 231; Large *v.* City, Id. in notâ.

*Savidge* and *Powell,* for defendants in error.

The opinion of the court was delivered, February 26th 1872, by

WILLIAMS, J.—It is clear that the city has no authority to open a street without paying or giving security for the payment of the damages that may be occasioned to the owners of the land over which it is laid out: Sower *v.* The City of Philadelphia, 11 Casey 231. And it is equally clear that the corporation has no power to construct a culvert or sewer in a street until it has been legally and properly opened. Though laid out, it is not a street within the meaning of the acts authorizing the construction of sewers in the streets of the city at the expense of the owners of the property fronting thereon, until it has been duly opened by authority of law. It follows that the city had no authority to open Ontario street through the defendant's ground, and to construct the culvert for which the claims in these cases were filed, while proceedings were pending in the Court of Quarter Sessions for the assessment of the damages sustained by the defendants, without first giving security for the payment thereof. The affidavit of defence substantially alleges that the opening of the street will cut the defendants' lots in a manner highly damaging to the value thereof; that proceedings to assess the damages occasioned the defendants thereby, are still pending and undetermined in the Court of Quarter Sessions; that the defendants served written notice upon the Chief Commissioner of the Highway Department of the pendency of said proceedings, and that any contract for building any culvert on the line of Ontario street before the confirmation of the report of the jury, would be, as they were advised, illegal, and that any attempt to enforce any claim or lien would be resisted; yet in face of said notice, and after receiving the same, and while the report of the jury was then and is still depending and undetermined, the contract was awarded to the contractor for whose use these claims are marked, without any security having been entered or given to secure to the defendants their damages for taking said land.

If the facts be as alleged in the affidavit, it is plain that the city had no authority to construct the culvert and to charge any part of the cost thereof on the defendants' property; and the District Court erred in entering judgments for the plaintiffs in these cases for want of a sufficient affidavit of defence.

[Wistar v. Philadelphia.]

The other grounds of defence set up in the affidavit need not be specifically noticed. It is enough to say that there is nothing in any of them that would constitute a defence to the claims sought to be recovered.

Judgment reversed, and a *procedendo* awarded in each case.