## Lea *versus* Philadelphia.

80　315
135　340

1. The Act of April 21st 1855, sect. 8, provides that the city of Philadelphia may charge against lot-owners for water-pipe, not exceeding seventy-five cents per foot. *Held*, that in suit on a claim charging seventy-five cents per foot for pipe, evidence was not admissible that the cost was less.

2. The charge does not fall within the Act of April 19th 1843, allowing a party to prove that a municipal charge is excessive.

3. Stroud v. Philadelphia, 11 P. F. Smith 255, followed.

January 10th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Philadelphia:* No. 52, to July Term 1874.

This was a scire facias sur municipal claim, issued January 9th 1868 by the City of Philadelphia against M. Carey Lea. The claim

was filed January 9th 1868 for $225 on a lot on the east side of Broad street at the corner of Montgomery street, Philadelphia.

The claim was for water-pipe, which is charged for under the provisions of the Act of April 21st 1855, sect. 8, Pamph. L. 266. This section, amongst other things, provides that " the charges for culverts and pipes shall be at not exceeding the following rates per lineal foot, according to the front of the owners, viz.: for water-pipe seventy-five cents. * * *" At the trial the claim filed, containing a charge at that rate, was given in evidence by the city. The defendant then offered to prove by Mr. Birkenbine, the chief engineer of the water department at the time the work was done, that the actual cost per foot was twenty per cent. less than the sum charged. The offer was overruled and a bill of exceptions sealed. No other defence being offered, the jury were instructed to find for the plaintiff.

The verdict was for the plaintiff for $304.12.

The defendant took a writ of error; he assigned the rejection of his offers of evidence and the charge of the court for error.

*J. H. Gendell* and *E. S. Miller*, for plaintiffs in error, cited Philadelphia *v.* Sellers, 6 Phila. R. 253 ; Hammett *v.* Hammett, 15 P. F. Smith 146 ; Darlington *v.* Commonwealth, 5 Wright 68 ; McGonigle *v.* Allegheny, 8 Id. 118.

*R. N. Willson* (with whom was *C. H. T. Collis*, City Solicitor), for defendant in error.—Magee *v.* Commonwealth, 10 Wright 358 ; Wray *v.* Pittsburg, Id. 365 ; Commonwealth *v.* Woods, 8 Id. 113 ; Philadelphia *v.* Tryon, 11 Casey 401 ; Schenley *v.* Allegheny, 12 Id. 29.

Judgment was entered in the Supreme Court, January 17th 1876,

PER CURIAM.—The power to fix a charge for pipes laid in front of the property of the owners of lots on the streets of the city, as conferred by the Act of 21st April 1855, not exceeding a certain limit, was a legislative assessment of the cost, as reasonable within this limit. From the very nature of the work the cost must consist of many items ; for example, taking up pavements and relaying them, excavation and refilling, the pipes themselves, their joining together, and other matters, which can be ascertained only by a fair estimate of the entire cost, and the average per foot. This was necessarily left to the local authority, which alone could determine it justly, and apportion it fairly. Hence, the legislature having determined, upon all the lights in its possession, what would be a reasonable limit of assessment, committed the adjustment of the cost below this to the city itself, as the only just means of fixing a rightful charge upon the lot-owner. It, therefore, author-

ized, not the collection of the *cost* of the work, but a *charge* to be ascertained and laid by the city. We cannot say this is so unreasonable as to make the charge void, in view of the power of taxation possessed by the state. The tax being lawful, and the means of imposition reasonable, the exercise of the power cannot be pronounced void. The Act of 1855, having authorized a charge fixed by ordinance, and not a collection of the cost merely, the case does not fall within the terms of the Act of 1843, allowing a party to examine the cost and to prove an excess of charge. To adopt such a system in reference to pipe-laying, under the Act of 1855, would lead to untold litigation, and practically defeat the collection of the tax, except at the end of a law-suit. The room for affidavits of defence would be so large few claims would be uncontested. The principles contained in City *v.* Sellers, 6 Phila. 253, and Stroud *v.* City, 11 P. F. Smith 255, sustain these views.

Judgment affirmed.