(24 Misc. Rep. 745.)

## CITY OF BUFFALO v. COLLINS BAKING CO.

(Municipal Court of Buffalo. October 15, 1898.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—PLEADING—ADMISSIONS.
   Where, in an action for a penalty under an ordinance, defendant, in his answer, admits that by virtue of a certain statute the common council duly enacted the ordinance, he is precluded from questioning the power of the council to pass it.

2. SAME—VALIDITY—POLICE POWERS—FOOD.
   An ordinance making a baker who sells loaves of bread weighing less than one and one-half pounds each liable to a penalty is void, as being an unreasonable and oppressive invasion of the right to engage in a lawful business.

Action by the city of Buffalo against the Collins Baking Company. Judgment in favor of defendant.

F. M. Spitsmiller, for plaintiff.
Louis Babcock, for defendant.

BRAUNLEIN, J. This action is brought by the plaintiff against the defendant for a violation of sections 6, 7, and 8 of chapter 22 of the Ordinances of the city of Buffalo, and for the recovery of the penalty prescribed by said section 8. Said section 6 reads as follows:

"Sec. 6. All bread baked by any baker, to whom a license or permit is issued, * * * and all bread baked at the place mentioned in such license or permit, and all bread sold or offered for sale in the city of Buffalo, whereever baked, shall be made into loaves weighing not less than one and one-half pounds each. No bread shall be baked, sold or offered for sale contrary to the provisions of this section; and any person violating the provisions of this section shall be liable to the penalty hereinafter prescribed."

Section 7 defines the word "baker," and section 8 prescribes a penalty of "not less than $5 nor more than $50" for such violation.

On behalf of the plaintiff, it was shown that on September 13, 1898, the defendant baked and sold to one August Farron, at its place of business in the city, one loaf of bread, weighing one pound, for which it charged and received from said Farron the sum of five cents. This is not disputed. The defendant produced evidence showing that the loaf so sold weighed a full pound, that the purchaser thereof knew what he was getting, that the same was made of wholesome material, and that it was fairly and reasonably worth the sum charged. The loaf purchased was produced in court, and had affixed to it a label striped with patriotic colors. The red stripe, at the top, contained

the word "Collins" in white letters; the white stripe, in the center, contained the words "1 lb., 5 cents," in blue letters; and the blue stripe, at the bottom, contained the word "Bread" in white letters. It further appears from the evidence that loaves of this size, and the price charged therefor, were convenient, and that there was a large and growing demand for such loaves; and, further, that the production thereof entailed about twenty (20) per cent. more labor than the production of the one and one-half pound loaf. It is practically conceded that the latter was sold in the market at the price of seven cents.

The defendant presents several objections to the plaintiff's right to recover in this action:  (1) That the common council has no power to pass such an ordinance as the one under consideration, and (2) that the ordinance under consideration is unreasonable and oppressive. The first objection may be practically regarded as disposed of by the defendant's answer in the case, in which, among other things, it admits "that by virtue of chapter 105 of the Laws of 1891, and the acts amendatory thereof and supplementary thereto, the common council of the city duly enacted and passed the ordinances in question." The second, it seems to me, presents a very serious and grave obstacle to the plaintiff's right to recover. The courts have uniformly held that ordinances must be reasonable in their character and effect; that they must not be oppressive in their operation, and not repugnant to the fundamental rights of citizens, as guarantied by the constitution and laws. When either of these elements are manifest, the ordinances will be declared void. Plaintiff's counsel calls attention to certain authorities, which he insists are decisive of this case. Mayor, etc., of Mobile v. Yuille, 3 Ala. 137; Paige v. Fazackerly, 36 Barb. 392; In re Nasmith, 2 Ont. 192. A careful examination of the same, however, will not bear out his contention. In each of said cases the ordinances prescribed the weight and size of the loaves, and the price or prices to be charged therefor were fixed by the ordinance, or the prevailing market price thereof established by evidence; and it was clearly shown that the bread baked or sold actually weighed less than and was not of the size prescribed, but was offered for sale or sold at the prices fixed, or the prevailing market price established. The persons charged with such violations failed to establish that the weight and size specified were unreasonable, or that the prices fixed or established did not admit of a fair profit; and, having failed to do this, they clearly violated the ordinances considered, and were justly convicted. The facts in the case at bar are vastly different. The ordinance in this case simply prescribes the weight. The market price is established. While the bread sold did not accord with the weight fixed by the ordinance, it cannot be said that it was the intention or desire of the defendant to lead the public, or anybody within the municipality, to believe or infer that it was of such weight. On the contrary, the label pasted thereon conveyed notice to all persons as to what was being sold. In like manner it also conveyed notice of the price charged therefor, which was less than the established market price paid for bread of the weight mentioned in the ordinance. There was no fraud, deceit, or imposition, and nothing to indicate unfair dealing. Plaintiff's counsel lays great stress upon the prices charged

for the several loaves in question, and contends that the one and one-half pound loaf is a saving to the people, but in his argument he ignores the fact that it requires 20 per cent. more labor in baking the one pound loaf. Taking this element into consideration, it clearly establishes beyond dispute that the price charged for the one pound loaf is just as fair and reasonable as the price charged for the one and one-half pound. Besides, it is important at all times to note that the ordinance in question prescribes no price for any weight of loaf.

The defendant is engaged in a perfectly lawful business, which appears to be conducted in a perfectly legal manner. The legislature cannot, by its own act, nor can the common council of this city, by virtue of any power delegated to it, deprive a party engaged in such business, so conducted, of profits or gains derived therefrom by limitations or restrictions pertaining to the same. No greater power is vested in those bodies to arbitrarily interfere with or fix the weight of the commodity than to interfere with or fix the rate or price to be charged therefor so as to deny a reasonable profit thereon. If this is sought to be done, such act is unreasonable and oppressive. Railway Co. v. Becker, 35 Fed. 883; People v. Marx, 99 N. Y. 386, 2 N. E. 29; Railway Co. v. Dey, 35 Fed. 866; People v. Gillson, 109 N. Y. 389, 17 N. E. 343; Pensacola & A. R. Co. v. State (Fla.) 5 South. 833; People v. King, 110 N. Y. 418, 18 N. E. 245; Stone v. Trust Co., 116 U. S. 307, 6 Sup. Ct. 334, 388, 1191; Chicago, M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 702; Railway Co. v. Wellman, 143 U. S. 339, 12 Sup. Ct. 400; In re Jacobs, 98 N. Y. 98; Tied. Mun. Corp. §§ 150, 159; Fisher v. Harrisburg, 2 Grant, Cas. 291; City of St. Louis v. Weber, 44 Mo. 547; Com. v. Robertson, 5 Cush. 438; Poulter's Co. v. Phillips, 6 Bing. N. C. 314; City of St. Paul v. Colter, 12 Minn. 41 (Gil. 16); Com. v. Patch, 97 Mass. 221. It would contravene the fundamental rights and privileges of the citizen in his pursuit of a livelihood by engaging in, as above stated, a perfectly lawful business, conducted in a perfectly legal manner, and could not be upheld as an exercise of the so-called police power.

It therefore follows that the defendant is entitled to judgment.