# Philadelphia *v.* Coates, Appellant.

*Sewers—Cost—Ordinance—City of Philadelphia—Acts of March* 27, 1865, *P. L.* 791, *and March* 30, 1866, *P. L.* 354.

In an action by the city of Philadelphia to recover sewer assessments an affidavit of defense that the contractor had been paid by the defendant the sum which he agreed to accept for the work done by him, is insufficient, inasmuch as the actual cost of the improvement may include items besides the amount paid the contractor.

It seems that under the special laws applicable to Philadelphia, where an ordinance has fixed the rate of assessment for a sewer, an owner of property abutting on the sewer cannot allege as a defense to an action to recover an assessment, that the assessments exceed in the aggregate the cost of the improvement.

Argued Oct. 14, 1901.    Appeal, No. 58, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1897, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of city of Philadelphia v. H. Crawford Coates.    Before RICE, P. J., BEAVER, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Scire facias sur municipal claim for a sewer.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that on November 18, 1896, the defendant owned fifty-six lots of ground fronting on the north and south sides of Stewart street, between Twenty-fourth and Twenty-fifth streets.    On November 19, 1896, Donnelly & Scattergood, contractors, constructed a sewer in the said street. Liens were filed against the fifty-six lots of ground for said sewer.    It is alleged by the defendant that an agreement was entered into by John L. Kinsey, Esq., city solicitor, for the city of Philadelphia, Michael J. O'Callaghan, Esq., attorney for the contractors, Donnelly & Scattergood, and Francis S. Laws, Esq., attorney for the defendant, to compromise and settle all of the liens upon the payment of fifty per centum thereof, without interest and costs, the said payment to be made to Michael J. O'Callaghan, Esq., as attorney for the contractors.

On April 19, 1900, defendant's counsel. paid Michael J. O'Callaghan, Esq., the contractors' attorney, the sum of $638 in full for claims of Donnelly & Scattergood against the defendant. Forty-eight of said liens were filed in the name of Donnelly & Scattergood, the contractors, by their attorney, Michael J. O'Callaghan, amounting in all to $1,104.87. The remaining eight liens, amounting to $173.09, were filed in the name of the city of Philadelphia.

The affidavit of defense concluded as follows :

" Wherefore the deponent is advised by counsel and therefore avers, first, that the payment of the sum of $638, under the agreement aforesaid, bound both the said John Donnelly & Company and the city of Philadelphia, and that no sum whatever is, therefore, recoverable under any of the eight liens filed in the name of the said city of Philadelphia, of which the present case is one, but if any sum is recoverable by the city of Philadelphia, it is the sum of $173.09 still in the hands of Michael J. O'Callaghan, attorney ; and, second, that neither the lien now sued for in the above case nor any of the remaining seven liens filed in the name of the city of Philadelphia, are recoverable by the city of Philadelphia or any one else, because they are for a sum in excess of the cost of the construction of the sewer, which has been paid for in full by the defendant under the compromise agreement already referred to, and the liens representing said costs have been satisfied of record. Wherefore defendant avers that there is nothing whatever due to the plaintiff on the above lien."

The court made absolute a rule for want of an affidavit of defense.

*Error assigned* was the order of the court.

*Francis S. Laws*, for appellant, cited : Scranton v. Koehler, 14 Pa. Superior Ct. 1 ; Erie City v. Butler, 120 Pa. 374 ; Hammett v. Philadelphia, 65 Pa. 146 ; Park Ave. Sewers, 169 Pa. 433 ; Witman v. Reading City, 169 Pa. 375.

*David Lavis*, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee, cited : City v. Hays, 93 Pa. 72 ; Watson v. Phila., 93 Pa. 111 ; Erie v. Butler,

120 Pa. 382; Hammett v. Phila., 65 Pa. 146; Lea v. Phila. 80 Pa. 315; Morewood Avenue, 159 Pa. 20; Michener v. Philadelphia, 118 Pa. 535.

OPINION BY RICE, P. J., November 18, 1901:

It is argued by the defendant that where sewer assessments exceed in the aggregate the cost of the improvement, the city of Philadelphia cannot collect the excess, and thus make a profit out of the work. This is the only question upon which we are asked to pass although others are suggested in the affidavit of defense. The counsel for the city reply that the defendant will not be permitted to show that the cost of the improvement was less than the assessments where the assessments have been made in compliance with the acts of assembly (Act of March 27, 1865, P. L. 791, and Act of March 30, 1866, P. L. 354) and ordinances of councils fixing the price. Speaking of similar legislation the Supreme Court said in Lea v. Philadelphia, 80 Pa. 315 :

"The power to fix a charge for pipes laid in front of the property of the owners of lots on the streets of the city, as conferred by the act of April 21, 1855, not exceeding a certain limit, was a legislative assessment of the cost, as reasonable within this limit. From the very nature of the work, the cost must consist of many items, for example, taking up pavements and relaying them, excavation and refilling, the pipes themselves, their joining together, and other matters, which can be ascertained only by a fair estimate of the entire cost, and the average per foot. This was necessarily left to the local authority, which alone could determine it justly, and apportion it fairly. Hence, the legislature having determined, upon all the lights in its possession, what would be a reasonable limit of assessment committed the adjustment of the cost below this to the city itself, as the only just means of fixing a rightful charge upon the lot owner. It, therefore, authorized, not the collection of the cost of the work, but a charge to be ascertained and laid by the city." Accordingly it was held in a suit on a claim charging the price per foot named in the statute, that evidence that the cost was less was not admissible.

So also in Philadelphia v. Jewell, 135 Pa. 329, a paving case, Mr. Justice MITCHELL said: "The city now collects from the property owner, not the value of the work, but its cost as fixed

by ordinance ; and this mode of ascertaining and fixing the cost is sustained on the ground of the public necessity and convenience, inherent in all rational taxation, that there should be a settled, ascertained, uniform, and practical method of computing the amount due by the taxpayer." See also Stroud v. Philadelphia, 61 Pa. 255.

But granting for the purposes of this discussion that notwithstanding the special acts in force in Philadelphia the defendant may allege and prove that the aggregate of assessments exceeds the cost of the improvement, is the fact distinctly alleged in this affidavit of defense? We think not. True it is alleged that the contractor, has been paid by the defendant the sum which he agreed to accept for the work done by him. But it is clear, as is shown in the cases above cited, that the actual cost of the improvement may include other items besides the amount paid the contractor, and it is not alleged that the contract in question included these items. The contention that the liens filed in the name of the city represent a profit to the city is a mere inference not warranted by the facts alleged. So that in any view that may be taken of the statutes above referred to, the judgment must be affirmed because it does not clearly appear that the assessment exceeds the prescribed limit or the benefits conferred or the cost of the improvement.

Judgment affirmed.