# Kilcullen Appellant, v. Webster.

*Municipalities—Sewers—Assessments — City of Philadelphia — Acts of April 3, 1864, P. L. 324, and March 27, 1865, P. L. 791.*

Under the Acts of April 3, 1864, P. L. 324, and March 27, 1865, P. L. 791, the City of Philadelphia has the power to enact an ordinance requiring a sewer frontage charge of $1.50 per foot to be paid for a permit to connect properties with a sewer which had been constructed out of the general funds of the city in the bed of a street which had been placed on the city plan, but not opened to public use.

Argued Oct. 21, 1915.   Appeal, No. 300, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3338, overruling demurrer to defendant's return to writ of alternative mandamus in case of Patrick J. Kilcullen v. George S. Webster, Chief of the Bureau.of Surveys of the City of Philadelphia, and Morris L. Cooke, Director of Public Works of said city. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Petition for mandamus.
The opinion of the Superior Court states the case.

*Error assigned* was in overruling plaintiff's demurrer to defendant's return to a writ.

*William E. Caveny,* for appellant, cited: Harriott Ave., 24 Pa. Superior Ct. 597; Hammett v. Philadelphia, 65 Pa. 146; Harrisburg v. Segelbaum, 151 Pa. 172; West Third Street Sewer, 187 Pa. 565; Erie v. Russell, 148 Pa. 384; Bowser v. Philadelphia, 41 Pa. Superior Ct. 515; Meyler v. Meadville, 23 Pa. C. C. R. 119.

*Henry Baur,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellees, cited: Spring

St. Sewer, 5 D. R. 373; Com., ex rel., Taylor v. Wagner,
24 W. N. C. 171; Philadelphia v. Cooke, 30 Pa. 56; Boswell v. Philadelphia, 15 W. N. C. 169; Gilham v. Real
Estate Title, Etc., Co., 203 Pa. 24.

PER CURIAM, July 18, 1916:

The plaintiff's petition alleged his ownership of a described tract of land; the city's construction of a sewer
through the land in the bed of a street which had been
placed on the city plan, but not opened to public use;
payment of the cost of the sewer out of the general funds
of the city, no special assessments against abutting properties having been made; a provision of the city ordinance of January 9, 1908, under which the sewer was
constructed, that "no permit shall be issued for the
sewerage of properties on the line of said sewers until
the regular frontage charges shall have been paid";
refusal of the plaintiff's application for permits to connect two houses with the sewer, until the regular sewer
frontage charge of $1.50 per foot should be paid; and
the unconstitutionality of the above quoted provision of
the ordinance.   The return to the alternative writ of
mandamus, which was issued on the petition, admitted
all the averments of fact, but denied the conclusions and
inferences of law set forth in the petition, and averred
that the provision of the ordinance requiring payment
of the frontage charges before the issuance of permits
for sewer connections is valid and constitutional.   This
appeal is from the court's order overruling the plaintiff's
demurrer to the return.

The Act of April 3, 1864, P. L. 324, empowered the
City of Philadelphia to construct sewers in the streets
of the city, and to charge therefor the sum of seventy-five cents for each lineal foot, against each front, the
same to be recovered as liens for the laying of water
pipe were then recovered in the city, and with the same
allowance for corner lots.   The Act of March 27, 1865,
P. L. 791, repealed the Act of 1864 so far as limitation of

the amount of the charge was concerned, and provided that "hereafter all the said charges and rates shall be fixed, from time to time, by ordinance of councils." By general ordinance of February 16, 1869, the charge was fixed at $1.50 per lineal foot. In view of the numerous decisions directly on the point, the validity of these acts and the general ordinance of 1869 is not an open question: City of Philadelphia v. Sellers, 6 Philadelphia, 253; Stroud v. Philadelphia, 61 Pa. 255; Lea v. Philadelphia, 80 Pa. 315; Philadelphia v. Jewell, 135 Pa. 329; Philadelphia v. Coates, 18 Pa. Superior Ct. 418; Philadelphia v. Townsend, 231 Pa. 191. The principle was thus stated by Justice MITCHELL in Jewell v. Philadelphia, supra: "The city now collects from the property owners, not the value of the work, but its costs as fixed by ordinance; and this mode of ascertaining and fixing the cost is sustained on the ground of public necessity and convenience, inherent in all rational taxation, that there should be a settled, ascertained, uniform and practicable method of computing the amount due by the taxpayer." But the power conferred by the Act of 1864 to construct sewers and to charge the cost against the abutting property owners and enforce the charge by lien, by the terms of the act, extends only to "streets of the city," which words, upon the reasoning in Coxe v. Philadelphia, 47 Pa. 9, and Wistar v. Philadelphia, 71 Pa. 44, do not include the street in question. "Though laid out it is not a street within the meaning of the acts authorizing the construction of sewers in the streets of the city at the expense of the owners of the property fronting thereon, until it has been opened by authority of law": WILLIAMS, J., in Wistar v. Philadelphia, supra. It does not necessarily follow from the nonapplicability of the Act of 1864 to streets laid out, but not opened, that the city was without power to construct this sewer. A municipial corporation has power to make sewers, without any special authority given with that view: Fisher v. Harrisburg, 2 Grant 291. Moreover, it is not neces-

sary to rest the decision of the present case on the inherent or implied power of the city to construct a sewer through private property when necessary. This power was expressly given by the Act of February 18, 1769, 1 Sm. Laws 284; was confirmed and continued by the subsequent Acts of March 11, 1789, 2 Sm. L. 462; April 2, 1790, 2 Sm. L. 526, and February 2, 1854, P. L. 25, (Bromley v. Philadelphia, 8 Pa. C. C. R. 600); and was not annulled by any later act. There can be no doubt as to the power of the city to construct the sewer, though the street had not been open to public use, and no question is raised as to the regularity of its exercise. But the city was under no obligation to the abutting property owners to provide a sewer for the drainage of their properties, and consequently was under no obligation to permit them to use it for that purpose, except upon compliance by them with the reasonable conditions which the city councils, in the exercise of a sound discretion, saw fit to impose. The question was directly raised and fully argued in Fisher v. Harrisburg, supra, and was elaborately considered by Judge PEARSON of the Common Pleas and by the Supreme Court on writ of error. In sustaining the ordinance Judge PEARSON said: "Every by-law must be reasonable; or rather taken negatively, it must not be unreasonable. We can see nothing unreasonable in requiring those who use a drain to pay for its use." Later in his opinion he said: "We have no doubt of the power of the borough officers to fix, by law, the price which shall be paid for using this sewer, as well as for a stall in the market-house; and neither is in the nature of a tax." On writ of error this just and equitable doctrine was fully affirmed by the Supreme Court in the following terms: "A municipal corporation has power to make sewers, without any special authority given with that view, and having made them, it may by general rules, independent of its general taxing power, regulate the use of them and the price at which any private person may tap them, and protect

them by proper penalties, against invasion or injury."
So here, while the condition imposed by the ordinance of
January 9, 1908, is not supported by the city's power
of taxation, it is supported by an equally well estab-
lished power. The reasonableness of the amount that
the property owners must pay to obtain permission to
use the sewer is not brought in question by the plead-
ings; but it is not out of place to remark that the con-
dition that he shall pay the same amount per foot front
as abutters on sewers laid in opened city streets are re-
quired to pay (which is what the provision of the ordi-
nance amounts to) is not prima facie unreasonable. In
fact a very plausible argument is made by the appellee's
counsel, that it is less onerous because the property
owner is not compelled to pay until the occasion for his
use of the sewer arises. Nor is it perceived that an in-
vidious discrimination is made against any one by the
ordinance, or that there is any improper classification.
All persons are treated alike; therefore the principle
recognized and applied in Bowser v. Philadelphia, 41
Superior Court 515, does not control. It is to be ob-
served, in conclusion, that the limitations of the powers
conferred upon municipal corporations are that they
must be exercised in a reasonable, lawful and constitu-
tional manner. "If these limitations are not trans-
gressed, courts cannot interfere with the ordinances of
the municipality, for the mayor and council must be
left to a reasonable discretion, and, for the proper and
wholesome exercise thereof they are accountable, not to
the courts, but to the people they represent": O'Maley v.
Freeport Borough, 96 Pa. 24; Wilkes-Barre Garabed, 11
Pa. Superior Ct. 355. "Where the municipal legislature
has authority to act, it must be governed, not by our, but
by its own discretion; and we shall not be hasty in con-
victing them of being unreasonable in the exercise of it":
Fisher v. Harrisburg, 2 Grant 291.

This appeal is from an interlocutory order, and should
either be dismissed for that reason or treated as an in-

vitation to enter such judgment, if possible, as will end the proceeding. As the case turns exclusively on a question of law arising on the facts alleged in the petition, and has been fully argued, and no right of the plaintiff can possibly be subserved by sending the case back for further proceeding, the latter course will be pursued.

The order is affirmed and the petition dismissed at the cost of the appellant.