## Bick & Company, Inc., *v.* George, Superintendent, Appellant.

Argued September 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William McK. Rutter,* Assistant City Solicitor, with him *John W. Speicher,* City Solicitor, for appellant.

*E. H. Deysher,* for appellee, was not heard.

PER CURIAM, November 27, 1933:

Jesse E. George, Superintendent of Department of Streets and Public Improvements of the City of Reading, appeals from the award of a writ of peremptory mandamus commanding him to issue to appellee a permit to connect a drain on appellee's premises with the house sewer located in the street upon which the property fronts. Upon careful examination of the record in this case and the briefs filed by counsel, we are of opinion no error was committed, and the order of the court below is accordingly affirmed upon the following excerpts from the opinion of the learned president judge who decided the issue:

"The parties agree that the only question to be determined is whether or not, under the facts set forth in the petition, the petitioner is entitled to make a connection from its property to the house drainage sewer constructed by the City of Reading in front of petitioner's property on North Twelfth Street. There is no question of the legality or the amount of the assessment levied by the city against the property of the petitioner for the construction of the sewer. The assessment made and levied by the city against the petitioner is in the sum of $2,123.22. By Ordinance No. 21, passed by Council, April 13, 1932, in Section 3, it is provided: 'Said assessment shall be paid to the City Treasurer in ten (10) equal installments, the first of which shall be due and payable at the expiration of thirty (30) days after the date of the assessment, the second installment shall be due and payable at the expiration of four (4) months after the date of the assessment' and so on, at the rate of one installment every three months until, at the expiration of 28 months after the date of the assessment, 'the tenth and final installment shall be due and payable.' The ordinance also provides that the several installments shall bear interest at the rate of six per cent per annum, that if the first or any subsequent installment remains unpaid for the space of two months after the same shall

be due and payable, the whole of the assessment remaining unpaid shall forthwith be due and payable and collected according to law, and, further, that any person may pay all or as many of said installments 'as such person chooses before the same are due.'

"On May 13, 1933, within 30 days of the date of the assessment, petitioner paid to the city the first of the installments of the assessment so levied.

"Thereupon petitioner applied to Jesse E. George, Superintendent of the Department of Streets and Public Improvements of the City, for a permit to make a connection of petitioner's drain with the house drain sewer and has tendered payment of the permit fee, but said Superintendent of Streets refuses to issue such permit upon the ground that the petitioner has not paid to the city the total of the assessment levied against the petitioner on account of the construction of the sewer.

"It is clear that if the city had declared the entire assessment to have been presently due and payable from the date of the assessment, the petitioner would not be entitled to connect with or use the sewer until petitioner had fully paid said assessment: Phila. v. Cooke, 30 Pa. 56; Kilcullen v. Webster, 63 Pa. Superior Ct. 309; same case, 260 Pa. 263. But here the ordinance governing the assessing of the cost of the construction of the sewer expressly provides for the payment of the assessment by the property owner in installments and fixes the time when said installments shall be due and payable. Petitioner has paid the installment that is now due and is not in default. According to the city's own ordinance, there is nothing now due and owing by petitioner to the city.

"The Act of June 27, 1913, P. L. 568, article XIII, paragraph 4 (53 P. S. 11,464) provides that 'if such assessments be not paid within such time as council may by ordinance prescribe, it shall be lawful to file liens therefor in the prothonotary's office of the proper county ......' In other words, the authority resides in Council

to prescribe the time of payment and Council may, as was done in this case, provide for the payment of the assessment in installments. It is to be noted, too, that the city is not in a position to file a lien for the unpaid installments until the time shall have elapsed at the expiration of which Council has declared installments to be due and payable.

"In the present instance the city has built the sewer and instead of paying the cost thereof out of general revenues, has decreed that such cost shall be assessed against the abutting properties. This is permissible for the reason that the existence of the sewer is deemed a benefit to the property and the assessment of the cost against the property gives to the owner of the property an inchoate beneficial interest in the sewer. Accordingly, the property owner has a prima facie right to connect with and use the sewer, which is denied to him only when he is in default in the payment of his assessment for such sewer. Here, as we have seen, the petitioner is not in default; there is nothing now presently due from petitioner to the city on account of the sewer and, therefore, it follows that petitioner's present right to connect with the sewer is clear. ...... If petitioner fails to pay any of the remaining installments of the assessment, the city is placed in no worse position by having permitted the connection here sought; it can proceed to lien the property and collect the amount in precisely the same manner in which it would have proceeded, had there been no connection. In fact, the provision for the paying of the assessment in installments with interest amounts to a loan by the city of the amount of the assessment to the property owner for the period specified in the ordinance."

Judgment affirmed.