The power of the corporation of New-York to pass police regulations and to enforce the observance of them by penalties is not denied. But it is contended that the ordinance in question is not of that nature and is unreasonable, and therefore void. The subject regulated is hoistways, which usually exist only in stores and other buildings for commercial or manufacturing purposes. In country towns the hoisting and lowering of bulky articles to the upper floors of a store are usually effected outside of the building; but in the city of New-York the operation is performed inside the building, through openings left in the different floors. These openings, if unprotected by a railing in the day-time, or if left unclosed by a door or platform at night, are obviously dangerous to all persons going about the premises. A much smaller degree of thoughtlessness than frequently exists would lead to dangerous and fatal accidents. As a store is, in business hours, open to every one who chooses to enter it on business, unless particularly prohibited, it cannot be said that the danger is confined to the owner and ordinary occupants of the building. The ordinance, in that aspect, stands on the same footing as a regulation prohibiting a well or cistern in a man's yard, unprotected by curb or cover, the reasonableness of which could not be doubted. The closing of such a communication between the different floors of a store at night, after the premises are left by the persons ordinarily employed about them, is also highly reasonable. In case of fire, these openings would tend directly and powerfully to allow the fire to extend through all parts of the building, and, if left *Page 504 
uncovered, would also tend to endanger those whom duty might require to enter to effect the extinguishment of the fire. The ordinance is plainly reasonable and wise, and the judgment should be affirmed.