## SUPREME COURT.

The Board of Trustees of the Fire Department of the Eastern District of the City of Brooklyn, respond'ts agt. James Acker, appellant.

An action to recover penalties by " The Board of Trustees of the Fire Department of the Eastern District of the City of Brooklyn," which are authorized to be brought in their own name, under the act of 1860 (*Laws* 1860, *ch.* 472), must be brought in the *individual names of the trustees, with the addition of their name of office*—not by the designation of their official title merely.

*Kings General Term, December,* 1863.

Brown, Scrugham and Lott, *Justices.*

This action was brought on for trial in the county court of Kings county, before Judge Samuel Garrison and a jury, on the 10th day of December, 1862, on an appeal

from a judgment of the justice's court of the fourth district of the city of Brooklyn, in favor of the above plaintiffs, against the defendant, for $205.25 damages and costs. A copy of the complaint is as follows :

The plaintiffs in the above entitled action, who are the board of trustees of the fire department of the eastern district of the city of Brooklyn, show to this court :

First. That the defendant was, at the time of the several transactions hereinafter mentioned, and still is, the lessee of a certain piece of ground situated on the north side of South Eighth street, about ninety feet west of Fifth street, in said city of Brooklyn, or has some qualified or contingent interest therein by virtue of some agreement or contract in writing, or in some other manner; and that as such lessee, or while holding such interest, and on or about the 20th day of May, 1862, said defendant erected a wooden or frame shed upon said premises.

Second. The said premises are situated within the fire limits of the eastern district of Brooklyn, as designated by the first section of chapter 472 of the Laws of 1860.

Third. That the erection of said shed is a violation of the 17th and 22d sections of said act, and that by said violation the said defendant forfeited to the plaintiffs, and the said plaintiffs became entitled to recover from the said defendant, the sum of $1,000.

That after the erection of said shed, and on or about the 10th day of June, 1862, a notice in writing was duly served on said defendant by one of the fire wardens of said eastern district, notifying said defendant that the said shed or building was built in violation of said act, and requiring the said defendant to make such building to conform in all respects to the said act, within ten days from the service of said notice.

That notwithstanding the service of said notice and the lapse of ten days therefrom, the said defendant has not removed the said building from said premises, or made the

same to conform to said act, but that he has suffered the said building to remain upon said premises in violation of said act for more than forty-eight hours after the expiration of said ten days, and still suffers the same so to remain thereon; whereby the said plaintiffs became and are entitled to recover of the said defendant the sum of fifty dollars for each twenty-four hours elapsed since the expiration of said ten days.

Wherefore the said plaintiffs claim judgment against the said defendant for the sum of $200.

The defendant appeared personally without counsel and answered the complaint, orally denying each and every allegation in the complaint.

The plaintiffs introduced evidence sustaining the allegations set forth in the complaint, and presented and read in evidence chapter 304, Laws of 1857, incorporating " The Brooklyn Eastern District Fire Department," and providing for the organization of the board of trustees for said department; also chapter 472, Laws of 1860, establishing fire limits in the eastern district of the city of Brooklyn, and providing penalties for the violation thereof.

It was thereupon admitted by defendant that said fire department and said board of trustees had organized under said first named act, and said plaintiffs thereupon rested; whereupon the defendant moved that the complaint be dismissed on the ground : 1st. That the plaintiffs were not a corporation, and the act authorizing the plaintiffs to bring the suit in that respect was void, and therefore the suit could not be maintained in the plaintiffs' names. 2d. That the plaintiffs cannot sue and be sued.

His honor the judge overruled the motion, and the defendant duly excepted.

A verdict was subsequently rendered by the jury for $200, in favor of the plaintiffs against the defendant.

A motion for a new trial was made on the judge's min-

utes upon the points above presented and denied, from which' order and judgment the defendant appealed.

C. M. BRIGGS, *for defendant and appellant.*

I. Can the action be maintained by the plaintiffs as a corporation ?

1st. It is not alleged in the complaint that they are a corporation, and no evidence was given that they are.

2d. The acts cited as authority for this action show that the plaintiffs are not incorporated (*ch.* 304 *of Laws of* 1857, *and ch.* 472 *of Laws of* 1860.)

3d. By these it will be seen that the plaintiffs have none of the characteristics of a corporation.

*a.* They have not the right of succession.

*b.* Their organization and life depend on the existence of the corporation, officers of which plaintiffs are.

*c.* They have no seal.

*d.* If they can sue they cannot be sued. The one does not exist without the other.

*e.* They cannot hold real estate or convey; and if they can sue, they are without the power to enforce judgment by the purchase of property under execution.

*f.* Having no property they are not liable for costs.

II. Actions can be maintained by law only by persons, either natural or artificial.

1st. An action is a proceeding in a court of justice, by which a party prosecutes another party, (*vide Code,* § 2.)

2d. In actions a party is known as either plaintiff or defendant (*vide Code,* § 70.)

3d. A person only can be a party plaintiff or defendant (*vide Code,* §§ 117, 118.)

III. Section 29, of chapter 472 of Laws of 1860, is in conflict with the common and statute law, as above shown.

1st. No such intention of the law-makers can be gathered from the title of the act: "An Act to establish fire limits

and for the more effectual prevention of fires in the eastern district of the city of Brooklyn." Such intention should be manifest. (*Wend.* 211 & 358; 2 *Hill*, 380; 15 *J. R.* 358.) A thing within the intention is as much within the statute as if it were within the letter; and a thing within the letter is not within the statute if contrary to the intention of it.

2d. No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title. (*Art.* 3, § 16, *Con.*)

3d. The constitution provides how corporations may be created (*art.* 8, § 1.) It also provides that all corporations shall have the right to sue and be subject to be sued (*art.* 8, § 3.) From this it is fairly inferable that the right and liability must exist together. The legislature cannot sever them, nor can they confer this right upon a mere formula of words.

4th. No association unincorporated within the meaning of the constitution can sue or be sued. (*Austin* agt. *Searing*, 16 *N. Y. R.* 112; *Waterville Manf. Co.* agt. *Bryan*, 14 *Barb.* 182.)

Geborge Thompson, *for plaintiffs and respondents.*

The fire department of the late city of Williamsburgh was re-incorporated and re-organized in 1857, under the name of The Brooklyn Eastern District Fire Department. The act created a board of trustees, who were the managing financial officers of the department. By a law passed in 1860, fire limits were established and penalties provided, and the duty of collecting such penalties was imposed upon the plaintiffs. The defendant erected a wooden shed, upon a lot which he held, within such limits. An action was brought in a justice's court to recover the penalty, and a judgment obtained for the plaintiff. An appeal was taken to the county court, and a new judgment obtained. A motion for a new trial was made upon the minutes and

denied.    The appeal is, therefore, from the order denying a new trial.    The appeal appears founded solely upon the ground of the want of capacity on the part of the plaintiffs to sue.

I. The acts of the legislature made ample provision for this action.    Chapter 304, Laws of 1857, organizes The Brooklyn Eastern District Fire Department; section 7 of said act creates a board of trustees' for said department, and makes it their duty to manage and invest the moneys belonging to the firemen's benevolent fund; case, fol. 16, admits organization of both, the fire department and board of trustees, under the act of 1857; chapter 472, section 1, Laws of 1860, establishes fire limits; section 17 forbids erection of wooden or frame shed in such limits; section 22 fixes the penalty for the violation of such act at $100 for offence, and $50 each twenty-four hours for failure to remove; section 29 authorizes the plaintiffs to sue in the name of the board.

II. There can be no constitutional difficulty in maintaining this action.    Article 8, section 3, confers the right to sue, and imposes the liability to be sued upon all corporations.    But it does not deprive all bodies, not being corporations, of the power to sue.    On the contrary, by defining corporations, as including all associations having powers not possessed by individuals, it would seem to exclude the power of bringing suits from the distinctive powers of a corporation, as it is a power which corporations enjoy in common with individuals.

III. A legislative act would not affect this power when once granted, except by a subsequent repeal or modification.    No such act has been passed.

IV. The precedents for acts of this kind are too numerous for citation.    This power has been conferred upon corporate officials of every name and kind—single officers, and classes of officers, boards of excise, boards of police—town,

city, county and state officers, bank presidents, and other officers of private corporations.

SCRUGHAM, Justice.   The constitution gives to all corporations the right to sue, but the manner in which that right is to be exercised is left for legislative enactment; and there is no constitutional prohibition against a provision that it shall be in the name of one or more of the officers of the corporation.

The plaintiffs are not a corporation, but the trustees composing the board are officers of the Brooklyn Eastern District Fire Department, which was duly incorporated by the act of April 7th, 1857, and which is the legal owner of the fund for the use of which all recoveries are appropriated in actions for fines, forfeitures or penalties under the "Act to establish fire limits and for the more effectual prevention of fires in the eastern district of the city of Brooklyn," and therefore it is the real party in interest for whose immediate benefit such actions are prosecuted.

In providing that they shall be brought by the board of trustees, in their own name, the legislature only designates the officers of the corporation who are to sue in its behalf.

The difficulty in this case does not arise from any want of power in these officers to sue, but from the fact that the action does not appear to be brought by the officers, but by the office.

It has always been required that when the suit is by an officer for the benefit of the body he represents, it shall be brought in the proper name of the individual, with the addition of his name of office.   (*Supervisor of Galway* agt. *Stimson*, 4 *Hill*, 136 ; *Commissioner of Highways of Cortlandville* agt. *Peck*, 5 *Hill*, 215 ; *The Agent of the State Prison at Mount Pleasant* agt. *Rikeman and Hubbell*, 1 *Denio*, 279.)

There is nothing in the act of 1860 indicating any intention of the legislature to establish a different rule in the actions which it authorizes ; and the importance of requir-

ing such actions to be brought in the individual names of the trustees, with the addition of their name of office, is apparent from the fact that otherwise, should they bring an unfounded action, no judgment for the defendant's costs could be collected, as the board of trustees have no property.

There is, on the other hand, no great hardship in requiring that the action should be brought in such a manner as to make the individual trustees liable for costs in case they fail to establish a cause of action. The suit is for a penalty which they are permitted to collect, but the enforcement of which is not incumbent upon them; they bring the action, therefore, voluntarily, and if they fail in it, it is no more than just that they should answer for the defendant's costs, and look for reimbursement to the corporation in whose interest they sued.

The county judge erred in denying the motion to dismiss the complaint, and the judgment should be reversed, and judgment ordered dismissing the complaint.

Justices BROWN and LOTT concurred in the opinion, but thought the decision should be that "the judgment be reversed and a new trial ordered—costs to abide the event," which was entered accordingly.