## THE KING *vs.* TONG WO.

### APPEAL FROM POLICE COURT, HONOLULU.

### JULY TERM, 1883.

### JUDD, C. J., AUSTIN, J. McCULLY, J., absent.

Where a statute prescribes a penalty for a breach of its provisions, and provides that the Fire Marshal of Honolulu shall prosecute for all violations of such statute, and pay over all fines collected to the Fire Department for its benefit; *held* that an action for breach of the statute should not be in the form of a criminal prosecution.

Actions for penalties are civil actions in form and substance.

The statutory proceeding must be followed strictly and expressly.

### OPINION OF THE COURT BY AUSTIN, J.

The defendant was prosecuted and convicted criminally for an alleged breach of statute relating to the Fire Department in the city of Honolulu. The statute prescribes that for a certain act of neglect, the party offending, on conviction, shall forfeit and pay twenty-five dollars for the benefit of the Fire Department.

Section 339 of the Civil Code, as amended by Chapter 45 of the laws of 1880, provides that " it shall be the duty of the Fire Marshal to prosecute all persons guilty of a violation of any of

the provisions of this law before the Police Court of Honolulu, and he shall pay over all fines collected to the Treasurer of the Fire Department, deducting. 20 per cent. of such fines for his services."

The question in this case is whether the defendant was liable to be prosecuted criminally for breach of this statute. We think not.

The offense is not an offense at common law. It is not indictable under our statute, and the statute which creates the offense expressly points out how to proceed to collect the sum forfeited, and this method is in the nature of a civil action. No duty in regard to the offense is prescribed to the law officers of the Crown, but all duty about it rests in the Fire Marshal, for the benefit of the Fire Department.

To call such an action a criminal prosecution, and the defendant in it, upon conviction, a criminal, is giving it and the defendant too severe a name, and is not in accordance with the law, as laid down in many books and cases.

Wharton's Criminal Law, pp. 38-39, says:

"If a statute prohibit a matter of public grievance, or command a matter of public convenience, all acts or omissions contrary to the command or prohibition of the statute, being misdemeanors at common law, are punishable by indictment, if the statute specify no other mode of proceeding.

" Wherever a statute creates an offense, and expressly provides a punishment, the statutory proceeding must be followed strictly and expressly."

This quotation, from so high an authority on criminal law, and which refers to several decisions in Europe and America, ought to be sufficient to discharge the defendant in this case.

In Stearns ads. U. S., 2 Paine, 300, which was an action of debt by the United States to recover a penalty, the Court say :

" Actions for penalties being founded upon the implied contract which every person enters into with the State to observe its laws, are civil actions both in form and substance."

In *Atcheson vs. Everett*, Cowper, 382, decided in 1776, which was an action of debt to recover a penalty for bribery, in which also disabilities were provided for, Lord Mansfield says :

"Penal actions were never put under the head of criminal law or crimes. The construction of the statute must be extended by equity to make this a criminal cause. It is as much a civil action as an action for money had and received."

Chapter 51 of the Penal Code and Section 221 of the Civil Code, as amended in 1870, provide for the imprisonment at hard labor of those upon whom fines have been imposed by any Court or Magistrate, and such persons are termed convicts. We cannot believe that the statute we are considering was designed to make possible, for the offense it refers to, so severe and humiliating a punishment as that of imprisonment at hard labor as a convict.

Imprisonment for debt does not exist in this country, and the penalty imposed in such a case as this should be held to be a civil debt, and to be collectable by execution only, like other civil debts.

The following cases are cited by the defendant's counsel, and all tend to sustain our conclusion in the case:

*Clarke vs. Powell*, 4 Barn. & Ad., 846; *Regina vs. Hicks*, 30 Eng. L. and Eq., 228; *Caswell vs. Allen*, 7 Johns., 63; *Trustees Fire Department vs. Acker*, 26 How. Pr., 263.

The statute referred to is like a police regulation of a city, and the penalties prescribed by such regulations are universally prosecuted for in civil actions in the name of the municipality.

See *Mayor of New York vs. Williams*, 15 N. Y., 502.

The ordinance in that case regulated and provided for the enclosing of hoistways in stores.

On page 505 of this case Judge Paige says: "I think the ordinance may be sustained on the same principles as those on which rest the fire laws prescribing the height, thickness of walls and materials of buildings within the city."

Such an order is analagous to ours, but is more reasonable, for ours allows the Fire Marshal arbitrarily to determine whether acts or omissions are dangerous, and thereupon to give notice to remove or amend.

We hold that the defendant must be discharged.

*J. L. Kaulukou*, for Crown.

*W. R. Castle*, for defendant.

Honolulu, September 7, 1883.