THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* JEREMIAH J. MATTIMORE, APPELLANT.

*Charter of the city of Albany — 1883, chap 298 — power of the common council to pass ordinances requiring the sidewalks and gutters to be kept free from ice and snow.*

An ordinance of the city of Albany provided that every owner, lessee or person entitled to the possession, or having the charge of any building or vacant lot, shall, during the winter season, and during the time that snow shall continue on the ground, by ten o'clock on every morning, when necessary, clear the sidewalk and gutters in front of such house or other building and in front of such lot from snow and ice, and keep them conveniently free therefrom during the day; or shall, in case the snow and ice are so congealed that they cannot be

removed without injury to the pavement, cause the said snow and ice to be strewed with ashes or sand, and shall also at all times keep such sidewalk clean and free from all dirt, filth or other obstructions or incumbrances, so as to allow of the citizens using the said sidewalk in an easy and commodious manner, and imposes a penalty of two dollars on every person neglecting or refusing to comply with the law.

Sections 23 to 28 of title 9 of the charter of the city (chap. 298 of 1883) provides that "it shall be the duty of the chief of police to regulate the cleaning and sweeping of the streets, * * * and the clearing of ice and snow from the sidewalks and gutters in said city;" and that "the city shall be divided into districts, and the cleaning of such districts shall be done by the occupants or owners of property in such manner and at such times as may be prescribed by the chief of police or his subordinates," and in case the occupants or owners shall not clean and sweep the street or clear the ice and snow from the sidewalks as required by the police, it shall be the duty of the chief of police or his subordinates to notify the occupant of the house or lot before which such work has not been done, and in case he cannot be found the owner of such house or lot, and if such work is not done forthwith the chief of police shall cause the work to be done, and the expense of so doing shall be paid by the owner or occupant. If the owner or occupant shall fail to pay such expense the occupant, or, in case he cannot be found, the owner shall be arrested and fined not less than such amount, which shall be paid to the person doing the work.

*Held,* that the common council of the city had power to pass the ordinances under the authority conferred upon it by section 14 of title 3 of its charter, and that it did not violate the other provisions of the charter relating to the same subject, as its provisions were not inconsistent therewith

APPEAL from a judgment of conviction and sentence by the Police Court of the city of Albany. The defendant was convicted and fined by the Police Court of the city of Albany for his failure to clear the snow and ice from the sidewalk in front of the lot in the city, of which he was the owner and occupant. The conviction and fine were under an ordinance of the city.

*Mark Cohn,* for the appellant.

*Andrew Hamilton,* for the People, respondent

LANDON, J. :

It is contended by the appellant that the ordinance under which he was convicted is in violation of the charter. Authority is given by title 3, § 14 of the charter of the city of Albany, chapter 298, Laws of 1883, to the common council "to make * * *

such laws, ordinances, regulations and resolutions as may be necessary to carry into effect any and all of the powers now vested in, or by this act conferred upon the corporation, and it shall have power to enforce obedience thereto and observance thereof, by ordaining penalties for each and every violation thereof   *   *   * and shall have power to make such ordinances and prescribe such penalties for their violation in the matters and for the purposes following, in addition to other powers elsewhere specially granted, viz. : 1. To regulate the use of the streets.   *   *   *   8. To regulate the cleaning of the streets, sidewalks and gutters, and removing ice, hail and snow from them.   *   *   *

"Sec. 25. To order and direct   *   *   *   the cleansing of sidewalks, gutters and streets in front of all lots in said city from snow   *   *   *   and the same shall be completed under the direction of the said city within such time as to them shall seem proper."

Under these powers it was competent for the common council to make the ordinance under which the defendant was convicted. Such ordinance provides :

"Sec. 29. Every owner or occupant of any house or other building, and the owner or proprietor, lessee or person entitled to the possession of any vacant lot, and every person having the charge of any church, cemetery, jail, or other public building in this city, shall, during the winter season, and during the time snow shall continue on the ground, by ten o'clock on every morning, when necessary, clear the sidewalk and gutters in front of such house or other building and in front of such lot, from snow and ice, and keep them conveniently free therefrom during the day ; or shall, in case the snow and ice are so congealed that they cannot be removed without injury to the pavement, cause the said snow and ice to be strewed with ashes or sand , and shall also, at all times, keep such sidewalk clean and free from all dirt, filth or other obstructions or incumbrances, so as to allow of the citizens using the said sidewalks in an easy and commodious manner , and every person neglecting or refusing to comply with this law shall incur a penalty of two dollars for each neglect or refusal ; and the street commissioner, superintendents, the police justices, officers and members of the police are especially enjoined to see this law carried into effect."

Title 3, section 42 of the charter provides that the violation of an ordinance shall be deemed a misdemeanor, and upon conviction the offender shall be punished by fine and imprisonment But the main ground upon which it is contended that this ordinance violates the charter is, it is alleged that it is inconsistent with the regulation of the same subject-matter as provided by the charter itself It must be conceded that if the legislature has regulated the matter, the common council has no power to make an inconsistent regulation. The provisions of the charter, which are claimed to be in conflict with the ordinance, are contained in title 9, sections 23 to 28, inclusive, as follows : " It shall be the duty of the chief of police to regulate the cleaning and sweeping of the streets, avenues, alleys, sidewalks, wharves, docks, roads and cross-walks, and the cleaning of ice and snow from the sidewalks and gutters in said city."

" The city shall be divided into districts, and the cleaning of such districts shall be done by the occupants or owners of property, in front of such property to the center line of the street, in such manner and at such times as may be prescribed by the chief of police or his subordinates."

" In case the occupants or owners of property shall not clean and sweep the streets * * * or clean the ice and snow from the sidewalks * * * as required *by said police,* it shall be the duty of the chief of police, or his subordinates, to notify the occupant of the house or lot before which such work has not been done, and in case he cannot be found, the owner of such house or lot, and if such work is not done forthwith ; *or, in case the contractor, whose duty it may be to remove the street dirt or snow,* shall fail or neglect to remove the same, the chief of police or his subordinates shall at once cause the work to be done or the dirt or snow to be removed, and the expense of so doing, when certified by the chief of police shall be paid by the owner or occupant of the property, or charged to the contractor as hereinafter provided."

" If such owner or occupant *shall fail to pay such expense* the occupant, or in case he cannot be found, the owner shall be arrested upon a warrant to be issued by one of the city police magistrates upon the complaint of the chief of police and fined not less than such amount. Such amount of the fine shall be paid to the person doing the work. In case the default shall be upon the part of the

contractor, the chamberlain shall pay the expense  *  *  *  and deduct such amount from any amount falling due to the contractor from the city. If neither  *  *  *  can be found, the expense *  *  *  shall be assessed upon the property by the board of contract and apportionment, as in case of repairs of streets."

"The board of contract  *  *  *  shall also enter into a contract or contracts, in accordance with the provisions of this act, for the removal of street dirt."

A comparison of the ordinance with the provisions of the charter will show that the ordinance requires the lot owner to clear off the snow and ice from the sidewalk, or strew the snow and ice with sand or ashes, "so as to allow of the citizens using the sidewalks in an easy and commodious manner." The charter makes it the duty of such lot owner to clean the snow and ice from the sidewalks "in such manner and at such times as may be prescribed by the chief of police or his subordinates." The extent of the requirement in the first case is the "easy and commodious" use of the walk by the citizens; in the second case it is "as prescribed by said police." In the former case the lot owner is liable to be fined for neglect to clear off the walk; in the latter for failure to pay the expense which the city has incurred for doing it for him

The ordinance evidently was intended to keep the sidewalk free and usable; the charter provisions to keep sidewalks and streets clean. The ordinance is a standing notice to perform its requirements in seasons of snow and ice; the charter provisions cover the entire year, and calls for stated work at such times and in such manner as the police may prescribe. It may be that the charter provisions are broad enough to cover the entire subject embraced in the ordinance. But a municipal government may be authorized to pass ordinances imposing new and additional penalties for acts already penal by the laws of the State. (*City of Brooklyn* v *Toynbee*, 31 Barb., 282.) This ordinance, however, as we have seen above, prescribes the penalty for a different and earlier neglect than the neglect made penal by the charter. The provisions of the charter may well be satisfied by so regulating the cleaning of the sidewalks and streets as to enable the dirt contractor to remove the obnoxious accumulations of snow and dirt

The ordinance should be construed as supplying an obvious

deficiency in the police regulations. A municipal corporation under the grant of general power to make police regulations can require the citizens to exercise their rights of property in such a manner as to prevent its becoming pernicious to the citizens generally. (*Mayor* v *Williams*, 15 N. Y., 502, 505; *Village of Carthage* v. *Frederick*, 35 Alb Law Jour., 319 ) This ordinance is reasonable   It is a means to promote the usefulness and safety of the sidewalks, and to protect the city from legal liability against damages arising from imputed neglect to keep them in proper condition.

Ꮮ The conviction and judgment should be affirmed.

BOCKES, J., concurred, LEARNED, P. J., not acting.

Judgment and conviction affirmed